**C. M. STALEY, Appellant,**

v.

**ZIMMITE CORPORATION, Appellee.**

**No. 1725.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 12, 1978.

Charles L. Black Aycock, Houston, for appellant.

Michael K. Swan, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from the denial of attorney's fees in a successful suit to recover expenses, unpaid sales commissions, and vacation pay.

C. M. Staley (Staley or appellant) was employed as a District Sales Manager for the Zimmite Corporation (Zimmite or appellee) until he was fired on April 27, 1974. He sued Zimmite, alleging that he was entitled to reimbursement pursuant to Zimmite's Field Sales Compensation Plan for accrued vacation pay, unpaid sales commissions earned selling specialty chemicals for Zimmite, and expenses. The trial court awarded Staley damages in the amount of

$1,970.30 on April 11, 1977, in accordance with a jury verdict in his favor. The court found that reasonable attorney's fees for the prosecution of Staley's claim through trial was $2,600.00, and reasonable attorney's fees for legal services on appeal would be $1,200.00. The court nevertheless denied Staley's claim for attorney's fees, from which denial he brings this appeal.

■ Attorney's fees incurred by a party in litigation are not recoverable in Texas unless authorized by a contract between the parties or by statute. *Turner v. Turner*, 385 S.W.2d 230 (Tex.Sup.1964). Staley does not contend that his contract with Zimmite mentioned attorney's fees. He asserts, in his two points of error, that he is entitled to recover attorney's fees pursuant to article 2226 of the Texas Revised Civil Statutes. Article 2226 states, in part:

Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured or suits founded upon a sworn account or accounts, or suits founded on oral or written contracts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees.

Tex.Rev.Civ.Stat.Ann. art. 2226 (Supp. 1978). The parties stipulated that Staley presented his claim to Zimmite and that Zimmite failed to pay the same within thirty days. The parties further stipulated that the attorney's fees requested by Staley and found by the court were reasonable and necessary.

■ Zimmite asserts that Staley may not recover attorney's fees under article 2226 because his suit is based upon a breach of a "special contract." We reject that argument. The special contract defense bars

recovery of attorney's fees under article 2226 only in those cases where the underlying claim is founded upon a special contract and the action is brought as a suit upon a sworn account or accounts.[1] *Langdeau v. Bouknight,* 162 Tex. 42, 344 S.W.2d 435 (1961); *Flagg Realtors, Inc. v. Harvel,* 509 S.W.2d 885 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.); *Jackson v. Paulsel Lumber Company,* 461 S.W.2d 161 (Tex.Civ.App. —Fort Worth 1970, writ ref'd n. r. e.); *Danaho Refining Company v. Dietz,* 398 S.W.2d 307 (Tex.Civ.App.—Corpus 1965, writ ref'd n. r. e.).

That defense is inapplicable in this case. A contract that provides for payment of sales commissions and accrued vacation pay is not so extraordinary that it may be considered a special contract. In any event, Staley's suit was not one upon a sworn account or accounts; his claim for unpaid sales commissions and accrued vacation pay was a claim for services rendered which complied with the requirements of article 2226. *Tenneco Oil Company v. Padre Drilling Company,* 453 S.W.2d 814 (Tex.Sup. 1970); *Huff v. Fidelity Union Life Insurance Company,* 158 Tex. 433, 312 S.W.2d 493 (1958); *Brown v. Cox,* 459 S.W.2d 471 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n. r. e.). We hold, therefore, that Staley is entitled to recover the attorney's fees that he incurred during trial and on appeal. *Allison v. Douglas,* 531 S.W.2d 445 (Tex.Civ.App.—Waco 1975, no writ); *cf. International Security Life Insurance Co. v. Spray,* 468 S.W.2d 347 (Tex.Sup.1971). *Contra, Olivares v. Porter Poultry & Egg Company,* 523 S.W.2d 726 (Tex.Civ.App.— San Antonio 1975, no writ) (dicta). The trial court erred in failing to award those attorney's fees. *Davidson v. Suber,* 553 S.W.2d 430 (Tex.Civ.App.—Austin 1977, no writ).

The general rule in Texas is that an appellate court may not initiate an award of attorney's fees, since such an award would be a usurpation of the trial court's fact-finding function. *International Security Life Insurance Co. v. Spray,* 468 S.W.2d 347 (Tex.Sup.1971); *Smith v. Texas Co.,* 53 S.W.2d 774 (Tex.Com.App.1932, holding approved). In this case, however, the trial court has already made the factual determination of the amount of money that would constitute reasonable attorney's fees; the question of whether Staley should be awarded those fees is purely one of law. It is the duty of this court to render the judgment that the trial court should have rendered. *Hardware M. Cas. Co. v. Buck's Tri-State Irr. E. Co., Inc.,* 500 S.W.2d 897 (Tex.Civ.App.—Amarillo 1973, writ ref'd n. r. e.); Tex.R.Civ.P. 434. We therefore affirm that part of the judgment awarding Staley damages in the amount of $1,970.03, and we reverse and render in part and award Staley $3,800.00 for attorney's fees.

Affirmed in part and reversed and rendered in part.

---

1. Article 2226 was amended after the rendition of judgment in this case to provide for recovery of attorney's fees in "suits founded on oral or written contracts . . . ." Tex.Rev.Civ. Stat.Ann. art. 2226 (Supp.1978). That amendment abrogates the special contract defense to recovery of attorney's fees after August 29, 1977, the effective date of the amendment.