**J. Livingston KOSBERG et al., Appellants,**

v.

**Herbert BROWN, Appellee.**

**No. A2302.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 14, 1980.

Rehearing Denied June 4, 1980.

Lawrence L. Huelbig, Lapin, Totz & Mayer, Houston, for appellants.

Richard L. Reedy, Kain & Reedy, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This appeal arises from a judgment for Plaintiff in a suit for breach of a written employment agreement. The judgment is affirmed in part and reversed and remanded in part.

On October 1, 1974, appellee entered into an employment agreement (hereinafter referred to as "the agreement") with appellants, who were owners of a professional basketball franchise. The franchise was a part of the International Basketball Association, a European league. Pursuant to the agreement, appellee served as coach for the Israel Sabras, the franchise team, for a one-year term. After appellee had begun performance under the contract, appellants formed a Society of Limited Responsibility under Panamanian law, referred to herein as "the Society." Appellant Kosberg was named administrator of the Society. Subsequently, appellants assigned their rights and obligations under the agreement to the Society pursuant to the following clause in the agreement:

> It is the intent of Owner, subsequent hereto, to assign its Franchise in the IBA to a corporate entity which will hold such Franchise, and upon the happening of such event, Owner shall assign to such corporate entity all of its rights and obli-

gations under this Employment Agreement. Upon such assignment, the liability of Owner under this Agreement shall cease and terminate.

Appellants assigned their rights and obligations under the agreement without the assigning of the franchise itself. Appellee was granted judgment in the court below on the basis that this partial assignment was not permitted under the assignment clause of the agreement and was, therefore, invalid.

Appellants contend that the language of the assignment clause merely expressed an intention to assign the franchise and did not obligate them to make such an assignment before making a valid assignment of their rights and obligations under the agreement. In support of this construction of the clause, appellants emphasize that the word "assignment," used in the clause "upon such assignment" in the last sentence of the assignment clause, is singular, referring to one assignment only. They claim that only an assignment of the rights and obligations would eliminate appellants' liability under the agreement and that this was an express purpose of that particular assignment. An assignment of the franchise alone would not, according to appellants, accomplish that purpose. Therefore, appellants contend that while an assignment of the franchise was intended, a separate and independent assignment of the rights and obligations under the agreement was anticipated by the agreement.

Had this assignment clause not been included in the employment agreement, a valid assignment of appellants' rights and obligations under the agreement could not have been made absent appellee's advance consent or subsequent ratification. Appellee could not be required to apply his special skills and abilities for the benefit of anyone he has not elected to serve. *American Biomedical Corporation v. Anderson*, 546 S.W.2d 112 (Tex.Civ.App.-Amarillo 1977, no writ). Consequently, if the attempted assignment did not comply with the terms and requirements of the assignment clause, it is invalid.

The trial court appears to have rejected appellants' interpretation of the assignment clause and construed it to require the assignment of the franchise as a condition precedent to the right of appellants to assign their rights and obligations under the agreement. Under such a construction, appellants could not assign those rights and obligations until the franchise had been assigned. Consequently, as the jury found that appellants had not assigned the franchise, the trial court rendered judgment for appellee.

Words such as "upon the happening of such event" or similar language usually connote an intent for a condition rather than a promise. *Hohenberg Brothers Company v. George E. Gibbons & Company*, 537 S.W.2d 1 (Tex.1976); *O'Boyle v. DuBose-Killeen Properties, Inc.*, 430 S.W.2d 273 (Tex.Civ.App.-Dallas 1968, writ ref'd n. r. e.). In determining whether a condition precedent exists, the intent of the parties must be ascertained from an examination of the entire instrument. *Stitt v. Royal Park Fashions, Inc.*, 546 S.W.2d 924 (Tex. Civ.App.-Dallas 1977, writ ref'd n. r. e.). In the case before us, it is clear that the parties intended the assignment of the franchise to be a condition precedent. To conclude otherwise would imply that appellee knowingly and willingly agreed to permit appellants to completely insulate themselves from personal liability under the agreement through making a corporate entity the sole obligor and placing no assets in the corporation which would guarantee appellee's compensation. The unlikelihood of such an intention leads us to conclude that appellants were obligated to assign the franchise prior to any attempt to assign their rights and obligations under the agreement as the franchise had significant value at the time of the attempted assignment. The use of the word "assignment" rather than "assignments" does not preclude such a condition.

Appellants also contest that portion of the judgment awarding damages for a bonus. Paragraph three of the agreement

states in part, "Coach will be entitled to a bonus of Two Thousand Five Hundred and no/100 Dollars ($2,500.00) in the event his team makes the play-offs." The jury found in Special Issue No. 2 that the team did "make the play-offs" although the phrase "make the playoffs" was not defined. Appellants contend there was no evidence or insufficient evidence on which to submit Special Issue No. 2 as the league's season was cut short and no play-off games were held. *Webster's Third New International Dictionary* defines "make" as: "22a: Reach, attain, achieve; . . . ." We hold that under the ordinary usage of these terms the team was not required to engage in any play-off games, but simply to qualify and be ready, willing and able to play. The record reflects that appellee's team was in first place when the season was declared to have ended and it was scheduled to play a Swiss team in the first play-off and would have played had not the Swiss team forfeited the game. Appellee performed in the fashion the bonus incentive was designed to encourage. Having given the extra effort, skill, and attention and having achieved all that was required and anticipated, the clause does not saddle appellee with the consequences of the unintended and unanticipated cancellation of the play-off games.

■ Appellants contend that appellee's damages were mitigated by his subsequent employment and that appellants are entitled to an offset to their liability under the contract by the amount appellee earned during the balance of the contract term. Appellants, however, failed to request a special issue on this defense and none was submitted. It was not established conclusively, as a matter of law. Consequently, under the provisions of Tex.R.Civ.P. 279, this defense was waived.

■ Finally, appellants attack the award of attorney's fees as not being recoverable either under the agreement or any applicable statute. Appellee cites Tex.Rev.Civ. Stat.Ann. art. 2226 (Vernon 1971) as au-

thority for the court's award of attorney's fees. Appellants contend, however, that appellee's cause and recovery were based upon a "special contract"[1] and, consequently, attorney's fees could not be recovered under art. 2226. While it is true that this suit is founded upon a contract, said contract is one for "personal services" as those terms are used in art. 2226. We, along with several other courts of civil appeals in this state, have held that, in a cause of action for recovery for personal services rendered pursuant to a contract, which arose before the amendments to art. 2226 in 1977, attorney's fees may be recovered notwithstanding the "special contract" defense, provided the various requirements of proof under art. 2226 are met. *Staley v. Zimmite Corporation,* 565 S.W.2d 335 (Tex.Civ.App.-Houston [14th Dist.] 1978, no writ); *Security & Communications Systems, Inc. v. Hooper,* 575 S.W.2d 606 (Tex.Civ.App.-Dallas 1978, no writ); *Flagg Realtors, Inc. v. Harvel,* 509 S.W.2d 885 (Tex.Civ.App.-Amarillo 1974, writ ref'd n. r. e.); *Juarez v. Dunn,* 567 S.W.2d 223 (Tex.Civ.App.-El Paso 1978, writ ref'd n. r. e.); *Jackson v. Paulsel Lumber Co.,* 461 S.W.2d 161 (Tex. Civ.App.-Fort Worth 1970, writ ref'd n. r. e.); *Danaho Refining Company v. Dietz,* 398 S.W.2d 307 (Tex.Civ.App.-Corpus Christi 1965, writ ref'd n. r. e.). *See also* Johnson, *Article 2226 Revisited: Penetrating the Judicial Labyrinth,* 40 Tex.B.J. 395, 400 (1977). We hold that attorney's fees were recoverable in this cause.

Appellants argue that there was no evidence or insufficient evidence to support the award of attorney's fees. Appellee's pleadings included quantum meruit and fraudulent inducement as theories upon which recovery was sought and, based on the record before us, more than a nominal portion of the trial was directed by appellee at establishing these causes of action. No special issues were submitted, however, on the theories of fraudulent inducement or quantum meruit and the special issue sub-

---

1. *See Eisenbeck v. Battgen,* 450 S.W.2d 696, 702 (Tex.Civ.App.-Dallas 1970, no writ) for a

definition of "special contract."

mitted on attorney's fees limited the jury's consideration to those fees which would be reasonable in the prosecution of the suit under the contract. Appellee's attorney did not, however, attempt to allocate the time which he had spent in developing each cause of action both before and during trial.

The determination of what constitutes reasonable attorney's fees is within the province of the jury and will not ordinarily be disturbed on appeal. *Magids v. Dorman*, 430 S.W.2d 910 (Tex.Civ.App.-Houston [14th Dist.] 1968, writ ref'd n. r. e.). When, however, one or more causes of action for which attorney's fees are not permitted by statute or agreement are alleged in the petition, investigated, and pursued at trial, it is incumbent upon the party asserting those causes of action to segregate them from those for which attorney's fees can be recovered. *International Security Life Insurance Co. v. Finck*, 496 S.W.2d 544 (Tex.1973); *American National Bank & Trust Co. v. First Wisconsin Mortgage Trust*, 577 S.W.2d 312 (Tex.Civ.App.-Beaumont 1979, writ ref'd n. r. e.). If the party asserting these various causes of action does not prevail on one or more of the causes for which attorney's fees may be recovered, he is not entitled to any attorney's fees. If, on the other hand, he prevails on one, but not all, of those causes for which attorney's fees may be recovered, only those causes for which no recovery for attorney's fees may be had must be segregated and excluded from consideration in determining reasonable attorney's fees. This follows from the rule previously announced by this court that "[a]n attorney cannot vouch for the total correctness of his client's claim[s] . . ." *Magids v. Dorman, supra* at 912. Appellee having failed to properly allocate the time and effort expended on the various causes of action, and the record reflects that more than a nominal amount of time and effort was spent in prosecuting the fraudulent inducement cause of action, that portion of the judgment awarding attorney's fees must be reversed and remanded for further determination.

Affirmed in part and reversed and remanded in part.