**ATLANTIC RICHFIELD CO.,**
**Plaintiff-Appellee,**

v.

**Clinton MANGES and Duval County Ranch Co., Defendants-Appellants.**

No. 82–2343
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 7, 1983.

Pat Maloney, San Antonio, Tex., for defendants-appellants.

Stephen R. Kirklin, D. Brent Wells, Houston, Tex., for plaintiff-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

PER CURIAM:

The sole issue on appeal is the propriety of the district court's award of attorneys' fees to the plaintiff. The defendants maintain: (1) that the district court abused its discretion in awarding the plaintiff $23,510 in attorneys' fees; and (2) that the defendants were excused from paying any attorneys' fees because the plaintiff's demands had been excessive. We affirm.

The plaintiff, Atlantic Richfield Company, brought this diversity action alleging that the defendants, Clinton Manges and Duval County Ranch Company, had breached their oil and gas lease by failing to make royalty and delay rental payments, and by failing adequately to restore the surface lands to their original condition. The plaintiff subsequently amended its claim to include damages caused by the defendants' failure to plug abandoned well sites in violation of rules promulgated by the Texas Railroad Commission, but this claim was withdrawn after the defendants decided to comply with the Texas regulations. The plaintiff requested performance of the defendants' contractual obligations in 1977 and made various demands for reimbursement of restoration costs and payment of delay rentals and royalties from 1979 until the end of 1981, but it never received a satisfactory response. The defendants paid their delay rental obligation, amounting to $14,086.44, two weeks before the trial date, and the parties settled the restoration and royalty claims, at the district judge's urging, for $16,040.16 on the eve of trial.

The parties then submitted briefs and affidavits with regard to the plaintiff's request for an award of attorneys' fees pursuant to Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1982). The district court awarded the plaintiff $23,510 in attorneys' fees on July 19, 1982. The defendants now appeal from this award.

The defendants maintain that they are excused from any liability for the plaintiff's attorneys' fees because the plaintiff's demand for payment was excessive. *See Findlay v. Cave,* 611 S.W.2d 57 (Tex.1981); *Collingsworth v. King,* 155 Tex. 93, 283 S.W.2d 30 (1955); *Warrior Constructors v. Small Business Investment Company,* 536 S.W.2d 382 (Tex.Civ.App.—Houston (14th Dist.) 1976, no writ). The district court found that the plaintiff had made a proper demand and was therefore entitled to recover reasonable attorneys' fees. We find no error in the district court's conclusion.

■ As the plaintiff points out, a creditor's demand is not excessive unless: "(1) the creditor wrongfully demands an amount in excess of that which he is due; and (2) the creditor either refuses, or clearly indicates that he will refuse, the amount actually due." *Tuthill v. Southwestern Public Services Co.*, 614 S.W.2d 205, 212 (Tex.Civ. App.—Amarillo 1981, writ ref'd n.r.e.). ARCO claimed precisely what it was entitled to under the contract in delay rental payments and royalties, and it requested $18,681.98 for restoration costs, which were also the defendants' responsibility under the contract. This latter request was supported by invoices showing that these were the plaintiff's actual costs, and the plaintiff's agreement to settle for $12,000 to avoid the time and expense of litigation does not indicate that the original request was excessive.

The defendants emphasize that the plaintiff also demanded two million dollars to plug abandoned well sites; they would have us infer that the voluntary decision to withdraw this claim indicates that it was frivolous. Since the claim was withdrawn only after the defendants agreed to comply with the Texas Railroad Commission regulations, we cannot agree that the decision to withdraw the claim indicates that the claim was without merit. Further, the Texas courts have not been "persuaded that a demand on one claim has the cumulative effect of rendering excessive a demand on another claim in the same action." *Tuthill, supra*, 614 S.W.2d at 212.

A demand is not excessive unless the demand was wrongful *and* tender has been or would be refused. As the district court noted, there is no evidence that the defendants ever tendered the payments that they eventually admitted were due, or that the plaintiff would have refused tender had it been made. Accordingly, the district court's holding that the plaintiff's demand was proper and that the plaintiff was entitled to attorneys' fees is affirmed.

The defendants next challenge the amount of attorneys' fees awarded to the plaintiff. They claim that 506.75 hours was an unreasonable amount of time to spend on what they characterize as a simple breach-of-contract case, and that they should not have to compensate the plaintiff for some of those hours because the time was spent on unnecessary claims.

■ An award of attorneys' fees is within the discretion of the trial court, and we will reverse only where that discretion has been abused. *B.A.W. Manufacturing Co. v. Slaks Fifth Avenue Ltd.*, 547 F.2d 928 (5th Cir.1977); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). Although this is a diversity case where state rules concerning attorneys' fees apply, *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 1622 n. 31, 44 L.Ed.2d 141 (1975); *Perkins State Bank v. Connolly*, 632 F.2d 1306 (5th Cir. 1980); *Aerosonic Corp. v. Trodyne Corp.*, 402 F.2d 223 (5th Cir.1968), the reasonableness of the fees in this case has been analyzed by all concerned in light of the factors set forth in our decision in *Johnson, supra*.[1] Since the Texas courts engage in a similar analysis, *see, e.g., Tuthill, supra*, we need not decide today whether the *Johnson* factors are applicable where attorneys' fees are sought in a diversity case.[2]

---

1. The defendants cite *Henson v. Columbus Bank & Trust Co.*, 651 F.2d 320 (5th Cir.1981), as authority for the applicability of the *Johnson* factors in this case. Since *Henson* involved an award of attorneys' fees under a federal statute, 15 U.S.C. § 1640(a)(3), it does not answer the question whether *Johnson* controls in a case where federal jurisdiction rests on diversity.

2. In *Johnson*, we directed the district courts to examine:

    (1) the time and labor required;

    (2) the novelty and difficulty of the questions;

    (3) the skill requisite to perform the legal service properly;

    (4) the preclusion of other employment by the attorney due to acceptance of the case;

    (5) the customary fee;

    (6) whether the fee is fixed or contingent;

    (7) time limitations imposed by the client or the circumstances;

    (8) the amount involved and the results obtained;

    (9) the experience, reputation, and ability of the attorneys;

■ The district court engaged in a careful consideration of the applicability of the *Johnson* factors to this case, as well as an explanation of its reasons for rejecting each of the defendants' objections to the plaintiff's request. The court noted that the plaintiff had "provided extensive and detailed affidavits setting out the hours spent on specific tasks by individual attorneys in the preparation of their case for trial." In response to the defendants' claim that an inordinate amount of time was spent on this case, the court concluded that "while the issues in this case may be characterized as simple breach of contract claims, preparation for trial of this action was complex. Trial preparation by necessity included detailed financial compilations and accounting." Our review of the record does not indicate that the district court's conclusion was in error.

The defendants maintain that a number of hours should not have been included because the time was spent (1) on a retransfer of the case which the plaintiff had chosen to insist upon; and (2) on the two million dollar claim for plugging, which was withdrawn. The district court correctly rejected the first challenge since the original transfer had been made on the court's own motion, and the plaintiff had the right to request the forum of its choice.

The court seems to have rejected the challenge to fees generated in preparing the withdrawn claim on the ground that the plaintiff in fact obtained the relief it sought, even though it was not forced to litigate the claim. *Cf. Iranian Students Association v. Sawyer,* 639 F.2d 1160, 1163 (5th Cir.1981) (attorneys' fees available if there is "a causal relationship between the lawsuit and the relief received"). We are not aware of a case in which the Texas courts have awarded attorneys' fees on the basis of the liberal definition of a "prevailing party" adopted by this court under 42 U.S.C. § 1988 in *Iranian Students, supra.* The Texas courts do not require an attorney to segregate time spent on causes that were not the basis for a court's decision in its favor, however, as long as recovery of attorneys' fees is permissible on all of those causes. *Kosberg v. Brown,* 601 S.W.2d 414 (Tex.Civ.App.—Houston (14th Dist.) 1980, no writ). Attorneys' fees would have been recoverable under Tex.Rev.Civ.Stat.Ann. art. 2226 on the plugging claim had the plaintiff prevailed on it, since that claim, like the others, was based on a written contract.

Further, the plaintiff maintains that it excluded time spent on the plugging claim from its affidavit supporting its claim for attorneys' fees. Our review of that affidavit indicates that this was generally the case. While a few of the descriptions of the lawyers' activities may have included a small amount of time spent on the plugging claim,[3] the amount is *de minimis.* Accordingly, there is no need to reverse the district court's award on the basis of possible limited compensation of hours spent on a claim not included in the settlement.

Continuing in its analysis of the *Johnson* factors, the district court noted that the case was not one of first impression, but that the nature of this type of commercial litigation necessitated extensive trial preparation. No one seems to have contested the abilities of the plaintiff's attorneys, al-

(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

488 F.2d at 717–19. The Texas courts consider the following factors:

(1) the nature of the case; its difficulties, complexities and importance and the nature of the services required to be rendered by counsel;
(2) the amount of money involved, the client's interest at stake, and the amount of time devoted by the attorney in the benefit derived by the client;
(3) the time necessarily spent by the attorney, the responsibility imposed upon counsel, and the skill and experience reasonably needed to perform the services.

*Tuthill, supra,* 614 S.W.2d at 212–13 (citations omitted).

3. For example, on June 24, 1981, Mr. Leonard had a telephone conference with Mr. Hays "regarding Count I and III." Record, Vol. 1, at 154. Count III of the First Amended Complaint included the claim for both plugging expenses, which was withdrawn, and restoration costs, on which the plaintiff recovered. Record, Vol. 2, at 423.

though the defendants submitted an affidavit challenging the need to spend so much time on this case. As discussed above, the conflict in views over how much time should have been invested in the case was adequately resolved by the trial judge.

The defendants have emphasized that the award of $23,510 in attorneys' fees was higher than the settlement in the case of $16,040.16. Both the district court and the plaintiff pointed out that the defendants had failed to take into account the $14,086.44 paid to the plaintiff shortly before trial. When both settlements are added together, the plaintiff's recovery amounts to $30,126.60; thus, the attorneys' fees represent only 78% of the contract damages recovered by the plaintiff. This percentage is no higher than a number of awards made by the Texas courts. *See, e.g., Findlay v. Cave,* 611 S.W.2d 57 (Tex.1981) (entitlement to attorney's fees appealed but amount of fees equalling 82% of plaintiff's substantive damage award not even challenged); *Golden v. Murphy,* 611 S.W.2d 914 (Tex.Civ.App. —Houston (14th Dist.) 1981, no writ) (attorneys' fees over 350% of plaintiff's recovery).

We hold that the district court's award of $23,510 in attorneys' fees to the plaintiff was well within its discretion.

AFFIRMED.