John David GAVENDA, et
al., Appellants,

v.

STRATA ENERGY, INC., et
al., Appellees.

No. A14–83–817CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 20, 1984.

Sam B. Cobb, Jr., Tyler, for appellants.

K. Ray Campbell, Campbell, Athey & Zukowski, Pascal P. Piazza, Maurice Bresenhan, Byrnes, Martin, Bresenhan & Sinex, Houston, Kent A. Caperton, Caperton, Rodgers & Miller, Bryan, for appellees.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This appeal involves the potential liability of the owner of the working interest in an oil and gas lease for additional royalties after the working interest owner had made royalty payments in accordance with the terms and representations contained in division and transfer orders. Appellants: John David Gavenda, individually and as temporary administrator of the estate of Victor Gavenda, deceased; Steven Edward Gavenda; Bonnie Gavenda Myers; Cynthia Gavenda Olfers; James P. Gavenda; Woodrow W. Gavenda; Doris A. Gavenda; Agnes Gavenda; Mildred S. Hejl; and Doris Ann Gayeski; filed suit against Appellees alleging that Appellees had underpaid the royalties due to Appellants. Appellees, Strata Energy, Inc., and Northstar Resources, Inc., denied any liability to Appellants due to the effect of division and transfer orders executed by Appellees or their predecessors in interest. Both sides filed Motions for Summary Judgment. Appellees' motion was granted and Appellants' motion was denied. Appellants appeal from the adverse summary judgment. We affirm the summary judgment in part and reverse and remand in part.

On October 1, 1967, Appellants or their predecessors in interest executed a general warranty deed to Dr. D.J. and Lilyan Feinstein. This deed conveyed to the Feinsteins the surface and mineral estates to land located in Burleson County, Texas. However, the deed contained a reservation of a royalty interest. That reservation states:

PROVIDED, HOWEVER, the Grantors herein except from this conveyance and reserve unto themselves, their heirs and assigns, for a period of fifteen (15) years from the date of this conveyance, an undivided one-half (½) non-participating royalty of all of the oil and gas in, to and under (sic) that produced from the hereinabove described tract of land. Said interest hereby reserved is a non-participating royalty and shall not participate in the bonuses paid for any oil and/or gas lease covering said land, nor shall the Grantors participate in the rentals which may be paid under and pursuant to the terms of any lease with reference to said land.

The Feinsteins were given the executive right to lease the property for oil and gas purposes. The Feinsteins later conveyed the surface and mineral estates and the executive right to lease for oil and gas purposes to Billy Blaha. In 1976, Blaha leased the property to Marshall Harrell in return for a one-eighth (⅛th) royalty.

Through a series of conveyances, Appellees each acquired a leasehold working interest in the oil and gas lease. Strata and Northstar, as leasehold working interest owners, entered into a joint operating agreement whereby Strata was named operator of the lease. The joint operating agreement provided that Strata, as operator and agent for all the working interest owners, should pay all the royalties which accrued upon obtaining production from the lease. Under the Joint Operating Agreement, all actions by Strata were made on behalf of Strata, individually, and on behalf of Northstar.

After obtaining production of oil and gas from the lease, Strata hired an independent attorney, C.R. Ebersole, to perform a title examination on the property and issue title opinions as to the royalty interests burdening the property. Ebersole's title opinion stated that Appellants or their predecessors in interest owned an overall one-sixteenth (1/16th) royalty interest. Strata prepared division orders upon Ebersole's title opinion designating the amount of royalty interest owned by Appellants or their

predecessors. These division orders were submitted to each royalty owner.

The division orders executed by Appellants or their predecessors in interest contained a warranty that the royalty interest was correctly stated therein as a fractional share of an overall one sixteenth (1/16th) royalty interest. Strata, as operator, paid all proceeds from production based on the provisions and representations contained in the division orders. When there were changes in the ownership of the royalty, Strata sent the new royalty interest owner a transfer order to be executed. The transfer orders also contained representations and warranties that the royalty owner owned the royalty interest stated in the transfer order. The transfer orders also stated Appellants' royalty was one sixteenth (1/16th). Strata paid royalties to Appellants based upon the representations and warranties contained in the division and transfer orders. There is no dispute that the Appellants received and accepted all the royalties which were due them according to the royalty interest stated in the division and transfer orders.

Appellants or their predecessors in interest did not attempt to revoke the division or transfer orders until September 29, 1982. On October 1, 1982, Appellants' royalty interest terminated under the express provision of the reservation contained in the deed to the Feinsteins.

Appellants then filed suit alleging that the Appellees had paid substantially less than the royalties due under the reservation contained in the Feinstein deed. Each side filed a Motion for Summary Judgment. Appellants appeal from the trial court's granting of Appellees' Motion for Summary Judgment and the denial of Appellants' motion.

Appellees' motion listed four theories: Estoppel, Payment, Ratification, and Accord and Satisfaction, in support of Appellees' right to a Summary Judgment. Each of these legal theories was based upon the effect to be given the division and transfer orders signed by Appellants or their predecessors in interest. Appellants predicated their motion upon the reservation contained in the deed to the Feinsteins and the affidavit of a certified public accountant concerning the amount of the alleged underpayment of royalties.

Appellants raise two points of error. In the first point, Appellants argue that the trial court erred in granting Appellees' Motion for Summary Judgment. The second point of error is that the trial court erred in denying Appellants' Motion for Summary Judgment. The central issue is the effect of the execution of division and transfer orders upon Appellants' suit to recover alleged deficiencies in royalty payments.

■ Texas law is that royalty payments made and accepted under the terms of division and transfer orders are effective until the orders are revoked. *Chicago Corp. v. Wall*, 156 Tex. 217, 293 S.W.2d 844 (1956); *Exxon Corp. v. Middleton*, 613 S.W.2d 240 (Tex.1981). This is true even if the division or transfer orders incorrectly state the interest of the royalty owner. In our case, Appellees paid royalties according to the interests stated in the division and transfer orders. Even if we assume that the division and transfer orders contain an erroneous measure of the Appellants' royalty interest, an issue we do not decide, the orders, until withdrawn or modified, constitute the precise and definite basis for payments and payments made in accordance with the orders are final and binding. *Middleton*, 613 S.W.2d at 250.

In order to avoid the rule of *Wall* and *Middleton*, Appellants argue that: the rule is factually inapplicable; the signing of division orders does not constitute a conveyance of an interest in land; the rule, if applicable, only affects the cause of action against Strata; and the division and transfer orders are not binding upon the estate of Victor Gavenda.

■ Appellants argue that *Wall* is factually inapplicable and only protects the purchaser of oil and gas production and not the lessee or working interest owner. Appellants believe that, because Appellees were the working interest owners, the pro-

tection of the division orders does not apply. Appellants are not making a correct factual distinction. The Supreme Court opinion in *Wall* makes it clear that the Chicago Corporation was the lessee of the gas unit involved. We see no valid factual distinction which would give the Chicago Corporation the protection of the division orders but deny that protection to Appellees.

Appellants believe that the trial court interpreted the division and transfer orders so as to convey part of Appellants' royalty interest. We agree that transfer orders are not conveyances of oil and gas interests. *Wall*, 293 S.W.2d at 847; *Hogg v. Magnolia Petroleum Co.*, 267 S.W. 482 (Tex.Comm'n App.1924, judgmt adopted). However, we do not agree that the trial court interpreted the orders as a conveyance. The trial court simply gave the division and transfer orders binding effect until revoked by Appellants.

We cannot agree with Appellants that the binding effect of the division orders only protects Strata. As stated above, Strata and Northstar, as working interest owners, entered into a joint Operating Agreement which stated that Strata would be the operator of the lease. Under the agreement, all actions of Strata were made on behalf of both Strata and Northstar. The division and transfer orders protect both Strata and Northstar.

Finally, Appellants argue that the division and transfer orders are not binding upon the Victor Gavenda estate because neither Victor Gavenda nor any representative of his estate executed any such order. Appellees respond that the division orders and transfer orders are binding on those Appellants deriving any interest through Victor Gavenda, decedant. Victor Gavenda died before there was any production from the property. This was before the division and transfer orders were circulated and executed.

Appellees' summary judgment proof showed that Victor Gavenda's estate was administered and closed on December 6, 1971. The order closing the estate states that "property remaining on hand in said estate ..., be delivered to the heirs of Victor Gavenda as set out in said Final Account filed herein...." There is no express disposition in the order of Victor's share of the royalty interest. The heirs of Victor Gavenda accepted the distributed assets of the estate and executed receipts and releases. Some of the Appellants or their predecessors in interest were listed as the heirs of Victor Gavenda. However, not all of the heirs of Victor Gavenda are Appellants in this case.

John David Gavenda was listed in Plaintiffs' Third Amended Original Petition as the temporary administrator of the estate of Victor Gavenda, deceased. However, there is no evidence in the record that the Victor Gavenda estate has been reopened since it was closed in 1971. The attorneys for each side stipulated that the payments attributable to the royalty interest of Victor Gavenda, deceased, have been held in suspense because Defendants "did not know who was entitled to receive such payments."

Edward Gavenda, Helen Skrabanek, and Agnes Gavenda were listed both as heirs of Victor Gavenda and as either Appellants or their predecessors in interest. Edward Gavenda and Helen Skrabanek each signed division orders contained in the record. Agnes Gavenda signed a transfer order contained in the record. Appellees argue that the warranties and representations as to the interest owned contained in those division and transfer orders are binding. However, attached to the Division Orders contained in the record was a document labeled "Schedule A." This document listed the interest of the Estate of Victor Gavenda separately from the interests of Agnes Gavenda, Helen Skrabanek, and Edward Gavenda. With the record before us, we cannot agree with Appellees that the warranties and representations contained in those division and transfer orders preclude the estate or heirs of Victor Gavenda from recovering the alleged underpayments. The division orders provided in part that: "Each of the undersigned certifies and guarantees that he, she or it (as

the case may be) is the legal owner (hereinafter referred in as "Owner"), of, and hereby warrants the title to, the interest *as hereafter set opposite Owner's name ...* (emphasis added)." The transfer orders stated "[t]he undersigned Transferee(s), hereinafter referred to as Owner, whether one or more, certifies and warrants that he is the lawful owner of the above interest, and requests payment be made to him as above stated and until further written notice." Both the division and transfer orders incorporate Schedule A. Because Schedule A listed the interest of the Estate of Victor Gavenda separately, a fact issue remains as to whether Edward Gavenda, Helen Skrabanek and Agnes Gavenda also signed the division orders with respect to the interest they derived through the estate of Victor Gavenda. Clearly, these individuals have warranted the interests appearing opposite their names on the division or transfer orders signed by them. It is not clear that they have made warranties as to any other interest on Schedule A.

As to the interest of the estate of Victor Gavenda, we cannot say that Appellees have proven that they were entitled to summary judgment as a matter of law. TEX. R.CIV.P. 166–A(c). As it relates to the interest of the estate and heirs of Victor Gavenda, the trial court erred in granting the summary judgment. The trial court was correct in granting the summary judgment in favor of Appellees as to the remainder of the Appellants whose royalty interests were covered by unrevoked division and transfer orders. Appellants' first point of error is sustained in part and overruled in part.

Appellants have failed to prove that, even as to the royalty interest belonging to the Estate of Victor Gavenda, they were entitled to summary judgment as a matter of law. There is no summary judgment proof in the record that the Estate of Victor Gavenda, deceased, had been reopened or who is the legal representative of that estate. There is a fact issue as to whether the division and transfer orders signed by some of the heirs at law of Victor Gavenda cover the signatory heirs' interest through the estate of Victor Gavenda. The trial court did not err in refusing to grant Appellants' Motion for Summary Judgment. Appellants' second point of error is overruled.

As to the royalty interest of the estate and heirs of Victor Gavenda, the judgment of the trial court is reversed and remanded. The remainder of the judgment is affirmed.