**The OLD ALAMO HEIGHTS NEIGH-
BORHOOD ASSOCIATION,
INC., Appellant,**

v.

**The CITY OF ALAMO HEIGHTS,
Texas, Appellee.**

No. 04–82–00019–CV.

Court of Appeals of Texas,
San Antonio.

April 20, 1983.

Calhoun Bobbitt, San Antonio, for appellant.

Harvey L. Hardy, Mitchel S. Roseiheim, Michael S. Brenan, San Antonio, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from an order on a plea in abatement entered in a suit challenging a zoning ordinance. We affirm.

Appellant, The Old Alamo Heights Neighborhood Association, Inc., filed suit against appellee, The City of Alamo Heights, Texas, challenging the validity of an amendatory ordinance passed by appellee City purporting to grant to a developer a "specific use permit" allowing the construction of high rise condominium buildings in derogation of building height restrictions prevailing throughout the City of Alamo Heights. Appellee Robert W. Callaway, one of the owners and the proposed developer of the property, intervened on the side of appellee City and subsequently filed a plea in abatement alleging that appellant owned no real property within the City of Alamo Heights and was, therefore, "without justiciable interest" in the suit. The trial court found that appellant lacked "a justiciable interest" in the suit and granted the plea in abatement and dismissed appellant. The order recites that evidence was heard on the plea.

Appellant's sole point of error alleges that: ". . . The District Court erred in sustaining the plea in abatement because the Neighborhood Association had standing to prosecute the suit challenging the zoning ordinance."

In support of its point of error, appellant contends that even though it does not, itself, own property potentially affected by the zoning ordinance change, a majority of its members do, and therefore, it has standing to challenge the ordinance as an association to assert representational standing in a case in which its members would have standing.

Appellee argues that the appeal before this court is based upon a sufficiency of evidence point and that we must determine that the court heard the plea in abatement and acted upon sufficient evidence because the record before us does not contain a statement of facts.

We note from the record that appellant proffered as a "Statement of Facts" the testimony of appellant's president given on April 1, 1981, at a previously held temporary injunction hearing on the same law suit. We further note from the record that the evidence produced at the plea in abatement hearing on November 16, 1981, was not recorded and none has been brought forward. On motion of appellee Callaway to strike or disregard the "Statement of Facts", based on this alone, this Court entered an order on March 3, 1982, granting the motion and ordering the proffered "Statement of Facts" stricken. We conclude that no "Statement of Facts" within the meaning of Tex.R.Civ.P. 377 exists.

Appellant has failed to bring forward a transcription of the testimony heard by the trial court on the plea in abatement and therefore the question of whether there was sufficient evidence to support the trial court's ruling, is not properly before this Court. In the absence of a statement of facts the evidence must be presumed to have been sufficient to support the trial court's ruling. *Advance Ross Electronics Corp. v. Green,* 624 S.W.2d 316, 317 (Tex. App.—Tyler 1981, writ ref'd n.r.e.), *cert. denied,* —— U.S. ——, 102 S.Ct. 3488, 73 L.Ed.2d 1370; *Vestal v. Jackson,* 598 S.W.2d 724, 725 (Tex.Civ.App.—Waco 1980, no writ); *Rancho Camille, S.A. v. Beachum,* 596 S.W.2d 632, 636 (Tex.Civ.App.—Waco 1980, no writ); *Guthrie v. National Homes Corp.,* 394 S.W.2d 494, 495 (Tex.1965). Appellant's point of error is overruled.

The judgment of the trial court is affirmed.