**Norman GERDES, Appellant,**

v.

**MUSTANG EXPLORATION
CO., Appellee.**

**No. 13–82–386–CV.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 23, 1984.

O.F. Jones, III, Victoria, for appellant.

Larkin Thedford, Edna, Frank Morrill, San Antonio, for appellee.

Before KENNEDY, BISSETT and YOUNG, JJ.

## OPINION

KENNEDY, Justice.

This suit arose out of an oil and gas lease. Because both parties have appealed from a judgment in the trial court, we will refer to them as Mustang and Gerdes.

Gerdes filed suit alleging non-payment of royalties for gas taken from his land by Mustang. He also petitioned for, inter alia, termination of the lease, loss of earnings due to Mustang's failure to negotiate for the purchase of water from him to operate the wells drilled and compensation for expenses incurred by Gerdes in procuring other leases for Mustang.

Mustang's response was a general denial together with a cross-action for damages for certain tortious acts committed by Gerdes against the equipment of Mustang, a request for an injunction preventing said acts and an order of the court requiring Gerdes to take his gas in kind and to establish facilities therefor.

Following a lengthy trial, a jury found that Mustang had failed to pay all of the royalties owed (by $4,412.00), had failed to restore the surface ($1,500.00), and had failed to negotiate for [the purchase of] water ($1,000.00). In addition, it found for Gerdes in the matter of compensation for obtaining other leases in the total amount of $4500.00. Other jury findings will be noted as they become pertinent to some portion of this opinion.

Mustang brings four points of error and Gerdes brings two. They will all be addressed but not in the order presented.

Mustang's point of error number one states:

The trial court erred in not entering judgment in accordance with finding of jury as to Special Issue No. 2a.

Special Issue 2a inquires as to the value of the royalties not paid to Gerdes and was answered by the jury in the sum of $4,412.00. In its judgment, the trial court

found this sum to be not supported by the evidence and further found that the undisputed and uncontroverted evidence showed this value to be $14,956.00.[1] Mustang argues that notwithstanding that this was done in two steps in two separate numbered paragraphs in the judgment, what the trial judge actually did was change the answer to Special Issue 2a.

The trial court has no authority to substitute its finding for that of the jury. *Highlands Insurance Co. v. Baugh*, 605 S.W.2d 314 (Tex.Civ.App.—Eastland 1980, no writ). However, TEX.R.CIV.P., Rule 301 provides that a trial court may disregard any special issue finding that has no support in the evidence. That same rule also authorizes the court to render judgment non obstante veredicto if a directed verdict would have been proper. A plaintiff would ordinarily be entitled to a judgment if the material allegations of his cause of action were proved either by a jury verdict or by undisputed evidence. *Albright v. Texcellere Corp.*, 561 S.W.2d 533 (Tex.Civ.App.—Corpus Christi 1978, ref'd n.r.e.)

This is a limited appeal and we do not have the entire trial record before us. Therefore, a brief review of the history of presumptions to be applied, when there is an incomplete record, is in order. In 1968, the Supreme Court of Texas, in a per curiam opinion, (finding no reversible error in the Court of Appeals opinion) interpreted TEX.R.CIV.P., Rule 377:

The court of civil appeals held that "[i]n the absence of a complete statement of facts there is no way for us to examine the whole record to determine whether there is any evidence to support the court's findings and conclusions. With only a partial statement of facts before us we must presume that there was evidence to support the court's findings." We approve the holding of the court of civil appeals ...

---

1. The court further found that there was a disputed issue of fact with respect to whether Gerdes was entitled to an additional $14,956.00.

The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts. *The Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968).

This rule has been consistently followed. *See, e.g., Escontrias v. Apodaca,* 629 S.W.2d 697 (Tex.1982); *Foster v. Hubbard Independent School District,* 619 S.W.2d 607 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.); *Carson v. Estate of Carson,* 601 S.W.2d 171 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

However, the Texas Supreme Court amended this rule effective January 1, 1981, to read:

(d) If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, *there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal.* Appellee may designate additional portions of the evidence to be included in the statement of facts. (Emphasis added.) TEX.R. CIV.P. 377(d).

It has been said that this amendment "was designed to remove the presumption arising from the use of a partial statement." *National Surety Corporation v. Rushing,* 628 S.W.2d 90 (Tex.App.—Beaumont 1981, no writ). The purpose of the change was "that there would be less delay in preparation, less expense associated with appeals, and a shorter, more relevant record to review." *Gibbs v. Greenwood,* 651 S.W.2d 377 (Tex.App.—Austin 1983, no writ).

■ Both Gerdes and Mustang filed a notice of intention to perfect a limited appeal as required by TEX.R.CIV.P. 353. Gerdes limited his appeal to two points; Mustang limited its appeal to four points. A partial transcript and partial statement of facts were filed with this Court. Despite the good reasons cited above for having limited records, the Courts of Appeal have strictly construed Rule 377(d). A Notice of Intent to Appeal has been held to be insufficient to invoke Rule 377(d) by limiting the points of error, as distinguished from limiting the portion of the judgment appealed from. *Whataburger, Inc. v. Rutherford,* 642 S.W.2d 30 (Tex.App.—Dallas 1982, no writ). It has been required that the request for partial statement of facts with the statement of points to be relied on appear in the record before the appellate court. *Dresser Industries, Inc. v. Forscan Corp.,* 641 S.W.2d 311 (Tex. App.—Houston [14th Dist.] 1982, no writ). It is also implied in the rule that appellee must be given notice of the request for partial statement of facts and points to be relied upon, in sufficient time for appellee to designate additional portions of the evidence to be included in the record. *Dresser Industries* at 314. "In order to claim the benefit of the presumption enunciated in Tex.R.Civ.P. 377(d), we believe it is incumbent on appellant to include in the record filed the necessary documents to demonstrate his compliance with the rule." *Dresser Industries* at 315. In the absence of the proper predicate for invoking the presumption of Rule 377(d), we will follow *Englander, supra* and presume that the evidence supports the judgment.

For these reasons, we overrule Mustang's point of error number one.

■ We next consider Gerdes' point of error number two wherein error is claimed in the court's allowance of credit to Mustang for the sum of $1,854 found by the jury as exemplary damages against Gerdes. It is argued that there can be no reward of exemplary damages where, as here, there have been no actual damages found. We agree.

The matter of Gerdes' interference with Mustang's operations was submitted to the jury in two issues. Issue number twenty-nine inquired if Gerdes had interfered with the exclusive operating rights of Mustang and the jury's answer was "yes." Issue number thirty, which was conditioned upon an affirmative answer to number twenty-nine, inquired what amount of money should be assessed against Gerdes *as exemplary damages.* The answer was $1,854.00 which was the sum allowed as a credit to Mustang by the trial court.

 When a distinct, willful tort is alleged and proved in connection with a suit upon a contract one may recover punitive (exemplary) damages, but even in that instance the complainant must prove that he suffered some actual damages. *City Products Corp. v. Berman,* 610 S.W.2d 446 (Tex.1980). Appellant Gerdes' second point of error is sustained.

The foregoing ruling is also dispositive of Mustang's point of error number two wherein error is claimed in not allowing attorney's fees to Mustang in the amount found by the jury. The court, in its judgment, found the amount of such fees to be reasonable and proper but declined to award them.

 Mustang appears to argue that since the court submitted the issue as to the amount of the fees, and since the jury made a finding thereon, the court was obligated to make an award thereof. This is not the law. As noted previously, the award of exemplary damages was not proper. With this award deleted Mustang recovered nothing in the trial court. Thus, there is no basis for the award of attorney's fees. Mustang's point of error number two is overruled.

Mustang's point of error number 3 complains of the court's submission of the issues concerning Mustang's failure to negotiate with Gerdes for the supply of water from Gerdes' wells. The lease which is the subject of this lawsuit contains a paragraph number 19 which contains this language:

"Lessee agrees to negotiate the purchase of lessor's water before drilling its own water wells, but if lessee and lessor cannot arrive at a mutually satisfactory price, lessee is under no obligation to purchase lessor's water, but may drill its own water well to supply its needs."

Gerdes argues that an agreement to negotiate a price in the future can be an enforceable contract if there are sufficient guidelines, citing in support thereof *Radford v. McNeny,* 129 Tex. 568, 104 S.W.2d 472 (1937). Actually this case holds to the contrary. The only language therein of comfort to Gerdes is contained in dictum as follows: "Where a final contract fails to express some matter, as, for instance, a time of payment, the law may imply the intention of the parties ..." The opinion goes on to say "but, where a preliminary contract leaves certain terms to be agreed upon for the purpose of a final contract, there can be no implication of what the parties will agree upon."

 Paragraph 19 quoted above (in pertinent part) leaves completely open one of the most important considerations of the parties concerning future negotiations, i.e., the price to be paid for the water. This is the essence of the proposed contract and not a detail to be supplied by the court. Where any essential term of a contract is open for future negotiations there is no binding contract. *Mooney v. Ingram,* 547 S.W.2d 314 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *Pine v. Gibraltar Savings Ass'n,* 519 S.W.2d 238 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); *O'Neil v. Powell,* 470 S.W.2d 775 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.); *Schlusselberg v. Rubin,* 465 S.W.2d 226 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.); *Gasperson v. Madill National Bank,* 455 S.W.2d 381 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.). See also *Retama Manor Nursing Centers, Inc. v. Cole,* 582 S.W.2d 196 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.) (wherein the parties had agreed on the essential terms.) The portion of paragraph 19 quoted above is clearly unenforceable. Mustang's point of error number 3 is sustained.

Mustang's point of error number 4 raises the question whether there was a double submission of the amount of money Mustang owed Gerdes for procuring leases from other landowners. Gerdes had retained a person named Jordan C. Ault to assist in this endeavor. In special issue number 6 the jury found that the hiring of Mr. Ault was authorized by Mustang and in number 7 they found the value of Ault's services to be $2,000. In special issue number 8 the jury found the value of Gerdes' services in procuring the leases to be $2,500. Based upon these findings the trial court included the sum of $4,500 in its judgment for Gerdes.

 Once again, we are without a statement of facts to tell us what the evidence was. In the absence of the statement of facts we must presume that the evidence supported the findings. *Englander v. Kennedy*, 428 S.W.2d 806 (Tex. 1968); *Guthrie v. National Homes Corp.*, 394 S.W.2d 494 (Tex.1965); *Old Alamo Heights Neighborhood Ass'n, Inc. v. City of Alamo Heights*, 650 S.W.2d 216 (Tex. App.—San Antonio 1983, no writ). There is no error. Mustang's fourth and final point of error is overruled.

Gerdes' first point of error complains of the trial court's denial of his attorney's fees. The jury had found to be fair and reasonable the sums of $15,000, $5,000 and $3,000 for trial, appeal to the Court of Appeals, and appeal to the Supreme Court, respectively.

Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1983) provides for recovery of reasonable attorneys fees where an attorney successfully prosecutes a claim founded upon, among other things, oral or written contracts. This suit was brought and tried over the question of royalties due under a written agreement and, as noted earlier, Gerdes was and is at least partially successful in the lawsuit. Gerdes is entitled to reasonable attorneys fees even though he recovered only a portion of his claim. *Karol v. Presidio Enterprises, Inc.*, 622 S.W.2d 638 (Tex.App.—Austin 1981, no writ). The award of such fees is mandato-

ry. *Williams v. Northrup*, 649 S.W.2d 740 (Tex.App.—Tyler 1983, writ ref'd n.r.e.); *Kimbrough v. Fox*, 631 S.W.2d 606 (Tex. App.—Fort Worth 1982, no writ). Gerdes' point of error number one is sustained. The judgment below is reformed to award to Gerdes the sums of $14,956 for royalties withheld, $4,500 for his labor and expenses in procuring the other leases, $1,500 for failing to restore the surface, and attorneys fees in the total amount of $23,000 with a remittitur ordered in the amount of $3,000 if no appeal is taken to the Supreme Court. The judgment is further reformed to deny to Mustang the offset of $1,854. Costs are adjudged against Mustang.