**TIDELANDS LIFE INSURANCE COMPANY, Appellant,**

v.

**Ottis HARRIS, Appellee.**

**No. 13–83–436–CV.**

Court of Appeals of Texas,
Corpus Christi.

May 31, 1984.

Rehearing Denied June 21, 1984.

J. Norman Thomas, Harris, Cook & Browning, Corpus Christi, for appellant.

Russell H. McMains, Edwards, McMains & Constant, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

## OPINION

KENNEDY, Justice.

This is an appeal from a judgment in favor of an insured, Ottis M. Harris, and against the insurer, Tidelands Life Insurance Company, based on the insurer's violation of the Deceptive Trade Practices Act, TEX.BUS. & COM.CODE ANN. § 17.46 et seq. (Vernon Supp.1984), and the TEX.INS. CODE ANN. art. 21.21 (Vernon 1981), both of which prohibit misrepresentation of insurance policy terms. We affirm.

## –STATEMENT OF FACTS–

Don R. Evans, an agent for Tidelands Life Insurance Company, approached Mr. and Mrs. Ottis M. Harris to sell them a family health insurance policy. During the course of completing the application for the policy, Harris informed Evans that he had a heart problem for which he had been hospitalized. Evans represented to Harris that Harris would be covered for future heart problems. Harris paid a premium in excess of six hundred dollars for the policy.

While the policy was in effect, Harris suffered a heart attack. Tidelands refused coverage based on a pre-existing condition clause. It is stipulated that the pre-existing condition clause is applicable to the loss. The case was tried on the theory of misrepresentation in violation of the Deceptive Trade Practices Act and the Insurance Code.

Trial was to the court, and findings of fact and conclusions of law were filed. In summary, the court found that, at the time the policy was sold to Harris, Evans was an agent of Tidelands with actual, apparent and implied authority to represent the terms of the policy; that it was reasonable to believe that Evans was Tidelands' agent with authority to represent the terms of the policy; that a sales brochure was provided by Tidelands to Evans along with actual authority to use the brochure to represent the terms of the policy; that Tidelands expected the public to rely on both the brochure and Evans' statements; that the brochure was deceptive because it failed to state that the policy had a pre-existing condition exclusion; that Evans represented to Harris the policy would cover the future heart problems despite the fact that he had prior problems with his heart; that Harris relied on the representations of Evans regarding the coverage of the policy; that Harris would not have purchased the policy but for the representation that the policy would cover future heart problems; that Harris would have purchased other insurance but for the representations of Evans; that Harris suffered actual damages, medical expenses which would have been paid had the policy been as represented, in the amount of seven thousand five hundred eighty-four dollars and thirty-four cents ($7,584.34); that Harris complied with all policy requirements in filing his claim; that the policy did not cover the claim because of the pre-existing condition exclusion. Harris' reasonable and necessary attorney's fees were stipulated at $5,000.00. The court concluded that the conduct of Evans was a deceptive act or practice for which Tidelands was accountable under both TEX.INS.CODE ANN. art. 21.21 and TEX.BUS. § COM. CODE § 17.46(b)(12); that such deceptive act or practice was a producing and proximate cause of Harris' damages in the amount of $7,584.34; that Harris was a consumer under the Texas Deceptive Trade Practices Act; that Harris was adversely affected by Evans' misrepresentation; that Harris was entitled to three times his actual damages.

The trial court entered judgment for Harris and against Tidelands in the amount of $27,753.02 (which was treble damages

plus attorney's fees). Tidelands appeals that judgment.

## –SUFFICIENCY OF THE EVIDENCE–

■■■ By its first, second and fourth points of error, appellant questions the sufficiency of the evidence to support the judgment. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960). However, upon reviewing the record we find that it is incomplete. Introduced into evidence, but not before this Court, are the depositions of Dr. Gaston and Nolan J. La Borde, Jr. With only a partial record, we must presume that the missing evidence supports the findings of the trial court. *The Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968), *Gerdes v. Mustang Exploration*, 666 S.W.2d 640 (Tex.App.— Corpus Christi 1984, no writ). The burden is on the appellant to demonstrate that the trial court committed reversible error. When the complaint is that the evidence is insufficient or inconclusive, a complete or agreed statement of facts is required. *The Englander Co.* 428 S.W.2d at 807; *Gerdes* 666 S.W.2d at 642. However, even if we were to disregard the presumption mentioned above, we still believe there is sufficient evidence to support the findings in the record before us.

■■■ Appellant's first and second points of error are that there is no evidence or, in the alternate, insufficient evidence of Evans' misrepresentation because the testimony of Mr. and Mrs. Harris is barred by the Parol Evidence Rule. The only evidence of Evans' representation was the testimony of Mr. and Mrs. Harris. The Parol Evidence Rule is not a bar to the introduction of evidence to prove fraud. *Dallas Farm Machinery Co. v. Reaves*, 158 Tex.

1, 307 S.W.2d 233 (1957). Misrepresentations under the Deceptive Trade Practices Act are another exception to the Parol Evidence Rule. *Anthony Industries, Inc. v. Ragsdale*, 643 S.W.2d 167 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). *See* TEX. BUS. & COM.CODE ANN. § 17.46(b)(12). Appellant's first and second points of error are overruled.

■■■ Appellant's fourth point of error is that there is no evidence that appellee, Harris, saw the sales brochure. A copy of the brochure was introduced into evidence as Plaintiff's Exhibit No. 2 and is reproduced as an appendix to this opinion. It is comprised of a single sheet of paper 17 inches by 11 inches, folded in half and perforated so as to form two 8½ x 11 pages. On the "front" are graphics and highlights of the "Medical Protector Hospital and Surgical Policy." On the inside of the "front" is a policy summary giving the hospital benefits, other benefits and exclusions. At the bottom of this page is a receipt and the following instruction:

## IMPORTANT INSTRUCTION TO AGENT

In leaving receipt with prospective policyholder, please complete the receipt tab BELOW and leave this entire sheet for receipt, NOT just the receipt tab. THIS IS VERY IMPORTANT to the policyholder, as the policyholder can compare this policy with this sheet to see that he has received exactly what he applied for. THIS IS A MUST and is a company rule. [Emphasis in original]

On the inside of the "back" is a one-page application for the described policy. On the "back" are the rates to be charged. Introduced into evidence as Defendant's Exhibit No. 1 is a completed copy of the application with appellee's signature. The brochure was regularly provided by Tidelands to its agents with the intention that it be used during the sales presentation. We believe that this evidence was sufficient to raise the inference that appellee saw the

brochure. Appellant's fourth point of error is overruled.

### –INSURANCE CODE–

Appellant's third point of error complains that the trial court erred in entering judgment against appellant because appellant was not liable for misrepresentations made by Evans.

■ Appellant asserts that Evans was a soliciting agent under TEX.INS.CODE ANN. art. 21.04 (Vernon 1981), which reads:

Art. 21.04. Solicitor Deemed Company's Agents

Any person who shall solicit an application for *insurance upon the life of another* shall in any controversy between the assured and his beneficiary and the company issuing any policy upon such application be regarded as the agent of the company, and not the agent of the insured, but such agent shall not have the power to waive, change or alter any of the terms or conditions of the application or policy. [Emphasis Added]

Article 21.04, by its terms, is not applicable to a health insurance policy. However, we hold that the governing provision is TEX. INS.CODE ANN. art. 21.02–1 which reads:

Art. 21.02–1. Who Are Agents

Whoever solicits insurance on behalf of any insurance company, ... or who takes or transmits ... any application for insurance, or any policy of insurance, to or from such company, ... or shall receive or deliver a policy of insurance of any such company, ... or receive or collect or transmit any premium of insurance, ... or do any other act in the making or consummating of any contract of insurance for or with any such insurance company, ... shall be held to be the agent of the company for which the act is done or the risk is taken, ...

This provision, together with the court's findings of actual apparent and implied authority for Evans to represent the terms of the policy, forms the basis of appellant's liability. *See Royal Globe Insurance Co. v. Bar Consultants, Inc.,* 577 S.W.2d 688 (Tex.1979). Appellant's third point of error is overruled.

The judgment of the trial court is AFFIRMED.

# TIDELANDS LIFE INSURANCE COMPANY
## HOSPITALIZATION AND SURGICAL PLAN

*Provides These Benefits for Each Insured Member of the Family*

FILED

FEB 7 1983

OSCAR SOLIZ, CLERK
CT COURT, NUECES COUNTY

**SICKNESS**     **ACCIDENT**     **SURGERY**

# MEDICAL PROTECTOR
## HOSPITAL and SURGICAL POLICY

### COVERAGE TO FIT YOUR PERSONAL NEEDS

- Pays Hospital and Miscellaneous Expense, Doctor's Fee for Surgical Operations due to Sickness or Accidents.

- Good Anywhere in the World. (except sanitoriums, convalescent homes, health resorts or any government hospital or institution)

- Claims Paid Promptly and Strictly According to the terms of the Policy Contracts.

- Guaranteed Renewable for Life of all Adult Insureds.

- Benefits of the Policy Will Be Paid Directly to the Insured or the Hospital.

- Benefits are not Payable at the Rate of 75% or 80% — But at 100% of the Usual, Customary and Regular Charges.

FILED

FEB

OSCAR SOL

## TIDELANDS LIFE INSURANCE COMPANY

2357 Horne Rd.     Corpus Christi, Texas

> WE ARE PROUD OF OUR REPUTATION OF PROMPT PAYMENT OF CLAIMS, AND YOU WILL BE HAPPY WITH THE SERVICE WE RENDER OUR POLICYHOLDERS.

D-2

FRONT

## Tidelands Life Insurance Company

# MEDICAL PROTECTOR

### YOU RECEIVE ALL THESE BENEFITS ANYWHERE IN THE WORLD

# UP TO $5,000, $10,000, $15,000 or $20,000

## You Choose the Maximum

### AFTER THE $300 DEDUCTIBLE

### HOSPITAL BENEFITS

1. HOSPITAL ROOM & BOARD AT SEMI-PRIVATE RATE
2. OPERATING ROOM
3. HYPODERMICS
4. CAST & SPLINTS
5. ANESTHESIA
6. X-RAY PHOTOGRAPHS
7. MEDICINES AND DRUGS
8. OXYGEN
9. LABORATORY SERVICES
10. IRON LUNG
11. DIATHERMY
12. INTENSIVE CARE FACILITIES
13. USE OF CYSTOSCOPIC ROOM
14. BASAL METABOLISM TEST
15. SURGICAL DRESSINGS
16. ELECTROCARDIOGRAMS

### ALL THE ABOVE BENEFITS PAID IN FULL TO THE LIMITS OF YOUR POLICY.

### EFFECTIVE DATES

ACCIDENT — Immediate benefits, date of policy.
SICKNESS — 60 days from date of policy.
SURGERY — For covered accident or sickness.

### OTHER BENEFITS PAID IN FULL TO THE LIMITS OF YOUR POLICY:

- DOCTORS' FEES FOR SURGERY
- DOCTORS' CALLS IN HOSPITAL
- ANESTHESIOLOGISTS' FEES

EXCLUSIONS: (this is a summary)

1. Mental or nervous disorders without demonstrable organic disease; dental treatment (unless caused by accidental injury); war or act of war; veneral disease; routine physical exams; suicide; expenses not medically necessary; pregnancy; tonsillectomies; chronic alcoholism or narcotic addiction.

2. Expenses covered by Workmen's Compensation or Employer's Liability laws or by Federal Medicare or Medicaid or other similar State or Federal programs.

3. Cost of blood and associated services; treatment in a U.S. Government hospital.

### IMPORTANT INSTRUCTIONS TO AGENT

In leaving receipt with prospective policyholder, please complete the receipt tab BELOW and leave this entire sheet for receipt, NOT just the receipt tab. THIS IS VERY IMPORTANT to the policyholder, as the policyholder can compare this policy with this sheet to see that he has received exactly what he applied for. THIS IS A MUST and is a company rule.

### BANK DRAFT AUTHORIZATION

To _____
Name of Bank          Address of Bank

Until revoked by written notice, please charge my account with sight drafts drawn by the TIDELANDS LIFE INSURANCE COMPANY, CORPUS CHRISTI, TEXAS,

each _____ not to exceed $_____ each for premium installments due on a policy issued or to be issued by said Company.

I agree that your rights in respect to each draft shall be the same as if it were a check drawn on you and signed personally by me. Your authority to charge such drafts to my account shall cease upon my delivery to you of written notice of revocation of this authority, and until you actually receive such notice I agree that you shall be fully protected in honoring any such draft. I further agree that if any such draft be dishonored, whether with or without cause and whether intentionally or inadvertently, you shall be under no liability even though such dishonor results in the forfeiture of insurance.

_____     _____
Signature of Bank Customer     Address

Date _____     City ·
                         State _____

### RECEIPT

Date _____ 19____

Received of _____

the sum of _____ Dollars, $_____

for _____ months premium, with application for for Policy Form TL-SP-MP and aggregate amount applied for $_____ and

deductible amount $_____ If for any reason the application is not approved and policy issued, this payment is to be refunded. No liability is created or assumed by the Company, except for refund of this payment, until the policy applied for has been issued

Authorized Representative _____

**(VERY IMPROTANT)**

If you have not received your policy or have not received confirmation from the Company that your application has been received by the Company WITHIN 20 DAYS from the date of this receipt, please write to Tidelands Life Insurance Co., 2357 Horne Rd Corpus Christi, Texas 78415

INSIDE FRONT

APPLICATION FOR HOSPITAL AND/OR MEDICAL AND SURGICAL POLICY

# TIDELANDS LIFE INSURANCE COMPANY

A Stipulated Premium Company
HOME OFFICE: CORPUS CHRISTI, TEXAS

FOR HOME OFFICE USE ONLY

Policy Form __TL-SP MP 6-75__

POLICY NO. _____
POLICY DATE _____
WAIVERS: _____
APPROVED: _____

Aggregate _____
Amount _____
Deductible _____

## SCHEDULE OF COVERAGES AND PREMIUM PAID BY APPLICANT

1. PRINT NAME OF APPLICANT AND EACH MEMBER OF THE FAMILY

| | Relationship to the Premium Payor | Sex | Date of Birth Mo. Day Year | Present Age | Height | Weight | Hosp., Surg. or Med. and Surg. Policy | Chiro-practor | Phys. Service | Maternity | Death | Total Premium |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (1) | | | | | | | $ | $ | $ | $ | $ | $ |
| (2) | | | | | | | | | | | | |
| (3) | | | | | | | | | | | | |
| (4) | | | | | | | | | | | | |
| (5) | | | | | | | | | | | | |
| (6) | | | | | | | | | | | | |

2. Name of Beneficiary if Accidental Coverage is Included _____

TOTAL PREMIUM PAID BY ALL MEMBERS FOR _____ MONTHS $_____

3. Name of Premium Payor _____     4. Family Dr. _____
Address _____ City _____     Dr.'s Address _____

5. Are all above named persons now in good health and free from mental defect or deformity? _____

6. List companies carrying hospitalization with now _____     List companies in past. _____

7. Has any of the above named persons within the past 7 years had medical, surgical advice or treatment, or any illness or injury? _____ If so, state which person giving details below.

| Date | Which Applicant No. | Nature of Illness or Accident | Doctor and Address | Date Operation Performed | | Date | Which Applicant No. | Nature of Illness or Accident | Doctor and Address | Date Operation Performed |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

8. I hereby represent that I have read all of the foregoing statements and find the answers to be full, true and complete in their entirety, whether recorded in behalf of myself or any other applicant recorded on this application, whether recorded by myself, agent, or any other person or persons. I agree that they shall form the basis for and be a part of any insurance policy issued as a result hereof. It is further agreed that no liability shall be imposed on the Company on account of this application until and unless it has been received and approved by the Company at its Home Office, and a policy issued. I understand and agree that the falsity of any answer or statement in this application may bar the right to recover thereunder if such answer is made with the intent to deceive and materially affects the acceptance of the risk or hazard assumed by the Company and is relied upon by the company in the acceptance of such risk.

I have truly and accurately recorded the information as herein supplied by applicant and members.

Signed At _____     Date _____

Signed By _____

For and in behalf of the above-named members

AGENT _____

AGENT'S ADDRESS _____

Amount Paid To Agent $_____ For Initial Premium (Where required) and First Month's Premium. I hereby authorize and request any physician or surgeon or hospital who has treated me or my family to furnish Tidelands Life Insurance Company detailed information regarding health history while patient of his, giving diagnosis, treatment and prognosis.

MAIL NOTICES _____

Signed by _____

Mail Policy to: ☐ Agent  ☐ Prem. Payor  ☐ Applicant

FORM NO. TL-SP MP 6-75 App

| FOR HOME OFFICE USE ONLY | | |
|---|---|---|
| G. A. N. | | |
| M | $ | |
| Q | $ | S. A. NO. |
| SA | $ | |
| A | $ | |

INSIDE BACK

# TIDELANDS LIFE INSURANCE COMPANY

### HOME OFFICE: CORPUS CHRISTI, TEXAS

### INDIVIDUAL AND FAMILY MEDICAL PROTECTOR POLICY
(Form TL-SP-MP 6-75)

### PREMIUM RATES

## $300 DEDUCTIBLE — $5,000 MAXIMUM

|  | Annual | Semi-Annual | Quarterly | Monthly |
|---|---|---|---|---|
| Individual | $240.00 | $127.20 | $ 67.20 | $24.00 |
| Family Group | 480.00 | 254.40 | 134.40 | 48.00 |
| Children, 0 thru 17 | 175.00 | 92.75 | 49.00 | 17.50 |

## $300 DEDUCTIBLE — $10,000 MAXIMUM

| Individual | 270.00 | 143.10 | 75.60 | 27.00 |
|---|---|---|---|---|
| Family Group | 540.0 | 286.20 | 151.20 | 54.00 |
| Children, 0 thru 17 | 195.00 | 103.35 | 54.60 | 19.50 |

## $300 DEDUCTIBLE — $15,000 MAXIMUM

| Individual | 295.00 | 156.35 | 82.60 | 29.50 |
|---|---|---|---|---|
| Family Group | 590.00 | 312.70 | 165.20 | 59.00 |
| Children, 0 thru 17 | 210.00 | 111.30 | 58.80 | 21.00 |

## $300 DEDUCTIBLE — $20,000 MAXIMUM

| Individual | 315.00 | 166.95 | 88.20 | 31.50 |
|---|---|---|---|---|
| Family Group | 630.00 | 333.90 | 176.40 | 63.00 |
| Children, 0 thru 17 | 225.00 | 119.25 | 63.00 | 22.50 |

Add $10 Registration Fee to first premium (paid only once).

Family Group includes husband, wife and children aged 0 thru 17.

BACK