IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00100-CV

 

Tony Fleitas,

                                                                      Appellant

 v.

 

Marc Schwartz, M.D.

and Suha Sreeram, M.D.,

                                                                      Appellees

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court # 53,750-361

 



MEMORANDUM 
Opinion



 








            Tony Fleitas has filed a motion to dismiss his appeal.  See
Tex. R. App. P. 42.1(a)(1).  The appellees
have not opposed the motion.

          The appeal is dismissed.

 

                                                               TOM
GRAY

                                                               Chief
Justice

 

Before Chief
Justice Gray,

      Justice Vance, and

      Justice Reyna

Dismissed

Opinion
delivered and filed July 28, 2004

[CV06]






">      When he deposited the funds in the registry of the court, Simmons recognized that his right
to these funds was disputed. He contended that, under the agreement, he was entitled to all fees
from his clients, less Rosenblatt's reasonable overhead and expenses. However, he acknowledged
that Rosenblatt had taken the position that Simmons was an employee and that Rosenblatt was
entitled to collect those fees, to be split between Rosenblatt and Simmons according to Rosenblatt's
understanding of their agreement. Simmons therefore deposited the fees in the registry of the
court "for disposition in accordance with further court orders and the result of disposition of this
cause."
      The jury found in part as follows:
            (1)  Rosenblatt and Associates, P.C., orally agreed with Simmons for
Simmons to practice law in Rosenblatt's offices.
            (2)  Simmons was to work as an employee of Rosenblatt and Associates,
P.C., not as an independent contractor.
            (3)  Simmons was to receive as compensation 50% of the billings for work
he brought in and 40% of the billings for work given him by
Rosenblatt. The other 50% and 60%, respectively, were to be received
by Rosenblatt as compensation. Rosenblatt was to pay overhead out of
these percentages, but owed no obligation to pay Simmons any part of
those percentages not used to pay overhead.
      The jury thus found, in essence, that fees for work done by Simmons for his own clients were
to be split 50% - 50%, and that the fees for work done by Simmons for Rosenblatt's clients were
to be split 60% to Rosenblatt and 40% to Simmons, and that Rosenblatt was to pay all overhead.
      The jury further found in answer to Special Issue No. 6 that Rosenblatt and Associates, P.C.,
owed Simmons an additional sum of $5,711.70 for Simmons' 50% of the fees collected by
Rosenblatt from the business brought in by Simmons.
      In Answer to Special Issue No. 7 the jury found that Rosenblatt and Associates, P.C., owed
Simmons an additional $5,711.70 for his (Simmons') 40% from fees collected by Rosenblatt and
Associates, P.C.
      The jury had determined that the agreement between Rosenblatt and Simmons was that fees
for work done for Simmons' clients by Simmons would be split 50% - 50%. It was agreed by the
parties that all of the $47,952.24 Simmons had deposited in the registry of the court represented
payments made by Simmons' clients for work done for them by Simmons. The jury also found
that Simmons had not breached the agreement with Rosenblatt.
      At the time of the entry of its judgment, the trial court thus had before it all of the following:
            (a)  an agreement by the parties that the $47,952.24 in the registry of the
court represented client fees paid Simmons for work done by Simmons
for Simmons' clients during the period of the agreement;
            (b)  a jury finding that the agreement called for fees for work done for
Simmons' clients by Simmons to be split 50% - 50% between Simmons
and Rosenblatt;
            (c)  a jury finding that Rosenblatt owed Simmons $5,711.70 out of fees
collected by Rosenblatt for work done for Simmons' clients. (The jury
also found the amount of $5,711.70 was owed to Simmons for work
done for Rosenblatt's clients, as shown above);
            (d)  a jury finding that Simmons did not owe Rosenblatt anything under the
agreement.
      The jury was aware that Simmons had collected $47,952.24 for work done for his own clients
and later had paid that sum into the registry of the court. They found Simmons' action in
collecting the $47,952.24 to be a conversion of Rosenblatt's receivables, but they found no malice
involved and no damages for that conversion.
      The jury was not asked specifically to determine the rights to the money in the registry of the
court. The parties agreed that the money in the registry represented fees from Simmons' clients,
and the jury found that Simmons and Rosenblatt had agreed to split such fees 50% - 50%. The
jury found that Simmons had converted those fees when he collected them (but did not award any
damages or find malice for such conversion), and found that Simmons had not been guilty of any
breach of the agreement. The jury also found how much Rosenblatt owed Simmons from fees
collected by Rosenblatt.
      These agreed facts and jury findings authorized the court to award the money in the registry
50% to Simmons and 50% to Rosenblatt because their rights to their respective shares were then
undisputed. The jury determined the amount Rosenblatt owed Simmons for fees collected by
Rosenblatt under the agreement and also determined that Simmons did not owe Rosenblatt any
money for a breach of the agreement. The trial court was, therefore, correct in dividing the
money equally between the parties. The jury further awarded attorneys' fees in favor of Simmons
in the amount of $75,000.
      Appellant comes to this court on seven points of error. Point one asserts the trial court erred
as a matter of law by awarding Simmons actual damages for breach of contract because the jury
determined that the contract upon which Simmons based his claim did not exist.
      We believe the trial court properly awarded damages for breach of contract based on the
pleadings and the verdict. Because Simmons pleaded and proved a cause of action for breach of
contract, the jury found the terms of the contract, the failure to perform by Rosenblatt, and the
amount of damages. The agreement found by the jury contained some elements pleaded by
Simmons and some elements pleaded by Rosenblatt, as we have hereinabove pointed out. The jury
also found that Rosenblatt owed Simmons a total of $11,723.40 under their agreement. 
Rosenblatt's only complaint under his first point of error is that Simmons cannot recover on his
breach of contract claim because the agreement found by the jury is not exactly the same
agreement alleged by Simmons. The fact that some asserted terms of a contract are not operative
does not invalidate the remaining terms. Zep Mfg. Co. v. Harthcock, (Tex. App.—Dallas 1992,
no writ) 824 S.W.2d 654, 662; Williams v. Williams, (Tex. 1978) 569 S.W.2d 867, 871. In other
words, the fact that certain elements alleged by Simmons were not found by the jury to be a part
of the agreement does not affect the elements which the jury found were part of the agreement. 
We overrule Appellant's first point of error.
      Appellant's second point of error reads as follows: The district court erred as a matter of law
by awarding Simmons actual damages for breach of contract because there was no jury finding that
Rosenblatt failed to comply with Simmons' claimed contract. We do not agree.
      The trial court acted properly in awarding Simmons damages for breach of contract because
the jury found that Rosenblatt had failed to perform the contract when it found that Rosenblatt
owed Simmons money under the contract, and because it was undisputed that Rosenblatt had failed
to perform the contract.
      The trial court is not required to submit jury questions on undisputed facts. See St. Paul Ins.
Co. v. Rakkar, (Tex. App.—Dallas 1992, writ denied) 838 S.W.2d 622, and the cases cited at
page 629. It was undisputed that Rosenblatt had breached the contract found by the jury because
he (Rosenblatt) testified that he owed Simmons a net $2,040 under the agreement found by the
jury. The only dispute therefore was the amount of money which he owed Simmons. 
Accordingly, no question needed to be submitted on whether Rosenblatt failed to comply with the
contract because his noncompliance was undisputed. The only dispute was as to the extent of the
noncompliance. As stated above, the jury found the amount Rosenblatt owed was $11,423.40. 
We overrule Appellant's second point of error.
      Appellant's third point reads as follows: The district court erred as a matter of law by
awarding Simmons attorneys' fees and costs for breach of contract because, as a matter of law,
there were no actual damages on which to base an award of attorneys' fees and costs.
      Appellant's fourth point of error asserts that the trial court erred as a matter of law by
awarding Simmons attorneys' fees and costs for breach of contract because Simmons was not
statutorily entitled to attorneys' fees and costs. We overrule both points three and four.
      The trial court correctly awarded Simmons attorneys' fees because Simmons properly
presented a claim for breach of contract and thereafter recovered damages for breach of that
contract.
      As stated hereinabove, during the time the parties practiced law together, all of the accounting
records concerning hours worked, clients billed, and payments from clients were kept by
Rosenblatt. Simmons had no such records in his possession. Simmons made written demands
upon Rosenblatt on December 6, 1991, for an accounting under their contract and another on
December 17, 1991. Simmons filed suit on January 18, 1992, each demand having been made
more than thirty days before suit was filed.
      The contract claim in writing, which Simmons presented to Rosenblatt on January 3, 1992,
exceeded the contract claim upon which Simmons recovered in the suit because the claim included
the "overhead fund" contract element which Simmons believed was a part of their agreement, but
which the jury found was not. However, the fact that the claim Simmons presented exceeded the
claim upon which Simmons recovered does not prevent Simmons from recovering attorneys' fees
in this case. A plaintiff who recovers only a portion of a total claim founded on contract is still
entitled to an award of attorneys' fees. Caldwell and Hurst v. Myers, (Tex. App.—Houston [14th
Dist.] 1986, writ ref'd n.r.e.) 714 S.W.2d 63, and the cases cited at page 65; Gerdes v. Mustang
Exploration Co., (Tex. App.—Corpus Christi 1984, no writ) 666 S.W.2d 640, 645; Okon v. Levy,
(Tex. App.—Dallas 1981, n.r.e.) 612 S.W.2d 938, 943. The fact that certain elements of their
contract were not found by the jury to be part of their agreement does not affect the elements
which the jury found were a part of their agreement, and does not affect Simmons' right to
attorneys' fees. The jury found that Simmons had complied with the agreement, and that
Rosenblatt had failed to comply with the agreement. Rosenblatt's failure to meet its obligations
and the damages resulting from that failure form the basis for the award of attorneys' fees.
      Appellant contends that Simmons' demand for payment prior to suit was excessive. Simmons'
demand by way of his letter to Rosenblatt of January 3, 1992, totals $44,478. To the contrary,
Rosenblatt consistently refused to acknowledge that no more that $2,040 could be due Simmons
under the agreement. The jury found that Rosenblatt owed Simmons $11,423.40.
      Excessiveness is not a defense where the debtor is unwilling to tender even the lesser amount
determined to be due. In the case at bar, a demand for $11,423.40, later found to be due, would
have been fruitless because Rosenblatt refused to acknowledge any sum greater than $2,040. See
Warrior Constructors, Inc. v. Small Business Investment Co., (Tex. App.—Houston [14th Dist.]
1976, no writ) 536 S.W.2d 382, 386.
      Simmons' claims were adequately presented under the provisions of Section 38.001 et. seq.,
Texas Civil Practice and Remedy Code Ann. (Vernon 1986). Appellant's third and fourth points
of error are overruled.
      Appellant's fifth point of error asserts the trial court erred in awarding Rosenblatt partial
damages on his claim for conversion, because the amount of conversion damages was proved as
a matter of law.
      Appellant's sixth point of error contends the trial erred in awarding Rosenblatt partial
damages on his claim for conversion, because the jury's answer of zero for conversion damages
was against the great weight and preponderance of the evidence.
      In jury question nine, the jury found that Simmons had converted receivables belonging to
Rosenblatt and that this conversion was the proximate cause of damages to Rosenblatt. However,
in jury question ten, the jury found that Rosenblatt's damages, as a result of the conversion, were
"zero." Then in answer to Special Issue No. 11, the jury failed to find that Simmons acted with
malice in such act of conversion.
      Rosenblatt argues that Simmons converted Rosenblatt's receivables by re-billing clients who
were billed by Rosenblatt and by convincing those clients to pay Simmons rather than Rosenblatt;
yet these were Simmons' clients for whom Simmons had done work. The agreement to use
Rosenblatt's accounting system had been terminated by Rosenblatt. When Simmons received
payments on those billings, he kept those payments separate from his other funds, and he later
deposited these funds in the registry of the court. Rosenblatt contends, as a matter of law, that
he is entitled to those payments now in the registry of the court, same being in the amount of
$47,952.24. We do not agree because, under the agreement found by the jury, one-half of those
funds belonged to Simmons as payment for his work. The funds in the registry of the court are
not Rosenblatt's measure of damages because Simmons' right to one-half of those payments was
undisputed. Rosenblatt's right to the other half was established when the trial court awarded him
one-half of the funds in the registry of the court. If Rosenblatt is awarded a sum equal to the funds
in the registry of the court, as conversion "damages," he will be receiving funds which belong
one-half to Simmons. Rosenblatt is not entitled to such an award.
      The jury's answer of "zero" to the conversion-damages question was properly supported,
under the record, and was not against the great weight and preponderance of the evidence, as
Appellant claims. The jury was fully aware that the funds in the registry of the court were placed
there by Simmons for disposition in accordance with further orders of the court.
      "Conversion" was defined in the charge as a "distinct act or dominion wrongfully asserted
over another's property in denial of his rights or inconsistent with them." Once Simmons had
placed the funds in the registry of the court for disposition by the court, he was no longer asserting
dominion over the property or denying Rosenblatt's right to that property. To the contrary, he
had placed that property in the custody of the court for a legal determination of those rights. 
Under the definition of conversion, the jury would not have considered the proper division of the
funds in the registry to be included as damages for conversion.
      The only evidence in the record supporting Rosenblatt's conversion damage was from Mr.
Rosenblatt. In summary, his testimony was very vague and was to the effect that some damage
may have resulted from the conversion, but "who knows" how much. We overrule Appellant's
fifth and sixth points of error.
      Appellant's seventh and final point of error asserts the trial court erred as a matter of law by
dividing the money, in the registry of the court, equally between the parties because there were
no pleadings or jury findings to support such a judgment. We do not agree.
      The trial court acted properly in dividing the money in the registry of the court equally
because the parties' rights to the money were established by proper pleadings, by agreement, and
by jury findings. The verdict and stipulated facts provided the basis for awarding one-half of the
money to Simmons. The parties stipulated that the money in the registry of the court represented
fees collected by Simmons for his work from his clients. The jury found, under the agreement
between Simmons and Rosenblatt, that 50% of those funds were to be paid to Simmons as
compensation for work Simmons did for his clients. The jury also found that Rosenblatt owed
Simmons $5,711.70 from fees collected by Rosenblatt as compensation for work Simmons did for
his own clients. Simmons' breach of contract damages were limited to amounts Rosenblatt owed
Simmons out of funds collected by Rosenblatt; those damages were not in any way based on funds
received by Simmons. Awarding Simmons one-half of the money in the court registry did not
amount to any sort of double recovery by Simmons. Moreover, the jury found that Simmons did
not fail to comply with his agreement with Rosenblatt. This finding eliminated any claim by
Rosenblatt to any part of Simmons' 50% of the money in the registry of the court. Rule 301 of
the Rules of Civil Procedure requires that the judgment "shall be so framed as to give the party
all the relief to which he may be entitled either in law or equity." We overrule Appellant's
seventh point of error. 
      Judgment of the trial court is affirmed.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed October 26, 1994
Do not publish