NO












 
 
 
 
 
 
  
 
 
 
 
  
 


NO. 12-10-00147-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

 

                                                                             '     

IN RE: DEVON ENERGY 

PRODUCTION COMPANY, L.P.,                   '     ORIGINAL
PROCEEDING 

RELATOR

                                                                             '     

 





OPINION

            Devon
Energy Production Company, L.P. filed a petition for writ of mandamus
challenging the trial court’s order denying its motion to strike the petition in
intervention filed by Nathan Wade Jones, T.D. Livingston, Charles Windham, Janice
Windham, Paul Ross, and Bobbie Ross (the “intervenors”).[1]  We conditionally grant the petition.

 

Background 

            On
May 27, 2008, W. Brady Clark, A. Blain Clark, and Angela McCaa (the “plaintiffs”)
brought suit against Devon, DJ Energycom, LLC, and Chant Clark for rescission
of three oil and gas leases:

Plaintiffs

 

Lessors                                                  Date
of Lease                      Subject Lands  

 

 

Willis Brady Clark                               4-7-08                                    157.65
acres

Alan Blain Clark                                                                                  Lewis
Watkins Survey

                                                                                                                and
Joel White Survey




 

Alan Blain Clark                                 4-7-08                                    81.001
acres

                                                                                                                Lewis
Watkins Survey

                                                                                                                Joel
White Survey

 

 

W. Brady Clark                                    4-7-08                                    34.99
Acres

Angela K. McCaa                                                                               Lewis
Watkins Survey

                                                                                                

 

Chant Clark, a
landman acting as Devon’s agent, obtained these leases.        

                The plaintiffs
sought rescission of the leases based upon claims of fraud, statutory fraud,
and breach of fiduciary duty.  As an alternative to rescission of the leases,
the plaintiffs sought monetary damages.  Along with filing their original
petition, the plaintiffs tendered into the registry of the court $136,820.00, the
full amount of the consideration Devon had paid for the leases.  

            On
October 8, 2009, the plaintiffs’ attorney filed a “Plaintiff[s’] First Amended Petition
and Intervenors’ Petition In Intervention.”  The amended petition named three
additional defendants, and included the following intervenors who sought to
join the plaintiffs’ suit: 

 

INTERVENORS

 

Lessors                                                  Date
of Lease                      Subject Lands

 

Wade Jones                                          4-9-08                                    80.8643
acres

                                                                                                                G.W.
Watson Survey

                                                                                                                John
Hall Survey

                                                                                                                G.R.
Hughes Survey

 

Tenison Deloyd Livingston                4-18-08                                  62.655
acres

                                                                                                                Thomas
Haley Survey

                                                                                                                

Charles P. Windham                           4-3-08                                    52.81
Acres

Janice W. Windham                                                                            S.S.
Runnels Survey

                                                                                                                            Jonathan
Anderson Survey

 

                                                                                                                                28.51
acres

                                                                                                                                Jonathan
Anderson Survey

                

                Paul
M. Ross                                        3-3-09                                    93.5249
acres

                Bobbie
L. Ross                                                                                     Benjamin
Odell Survey

                                                                                                                                Jonathan
McFadden Survey

                                                                                                                                Kneel
Black Survey

 

                                                                                                                

            The
intervenors sought the same relief as the plaintiffs:  rescission of their
respective leases along with an alternative remedy of monetary damages.  Unlike
the plaintiffs, however, none of the intervenors tendered the consideration
they had received from Devon into the registry of the court.  Devon moved to
strike the petition in intervention.  Following a telephonic hearing, the trial
court entered an order on March 5, 2010, denying Devon’s motion to strike the petition
in intervention.  On May 17, 2010, Devon filed a petition for writ of mandamus
with this court.

 

Due Diligence in Seeking Mandamus 

            Initially,
the intervenors contend that Devon unreasonably delayed two and one-half months
before seeking mandamus relief and that its petition should be denied because
of laches.  We disagree.  When reviewing a mandamus petition, the term “diligence”
is relative and incapable of exact definition.  Strickland v. Lake,
163 Tex. 445, 448, 357 S.W.2d 383, 384 (1962) (orig. proceeding).  Its
meaning must be determined by the circumstances of each case.  Id.  

            In
Strickland, the Texas Supreme Court held that waiting two months to
file a mandamus petition was not failure to exercise due diligence.  See id.,
163 Tex. at 448, 357 S.W.2d at 384.  Recently, our supreme court has held that a
delay of slightly less than six months before seeking mandamus relief was not
unreasonable.  See In re SCI Tex. Funeral Services, Inc., 236
S.W.3d 759, 761 (Tex. 2007) (orig. proceeding).  The intervenors have cited us
to no authority supporting a conclusion that waiting two and one–half months from
the time an order is signed to file for mandamus relief constitutes a lack of
due diligence and therefore laches.  In the case before us, Devon’s appellate
counsel explained that it took time for Devon to retain him as appellate
counsel, and then for him to obtain a certified copy of the order, to
familiarize himself with the case, and prepare the mandamus petition.  There
has been no showing of a lack of due diligence on Devon’s part in bringing this
mandamus proceeding.

 

Availability of Mandamus 

            Mandamus
will issue to correct a clear abuse of discretion when there is no adequate
remedy by appeal.  Walker v. Packer, 827 S.W.2d
833, 839-40 (Tex. 1992).  To determine whether the trial court clearly abused
its discretion, the reviewing court must consider whether the challenged ruling
or order was one compelled by the facts and circumstances or was arbitrarily
unreasonable, or made without reference to any guiding rules or principles.  In
re Allstate Ins. Co., 232 S.W.3d 340, 342 (Tex.
App.–Tyler 2007, orig. proceeding).  A clear failure by the trial court to
analyze or apply the law correctly will constitute an abuse of discretion.  Walker,
827 S.W.2d at 840.  The trial court has no discretion in determining
what the law is or applying the law to the facts.  In re Prudential Ins. Co.
of Am., 148 S.W.3d 124, 135 (Tex. 2004).  An appellate
remedy is “adequate” when any benefits to mandamus review are outweighed by the
detriments.  Id. at 136.  This determination depends heavily on
the circumstances presented and is better guided by general principles than by
simple rules.  Id. at 137.  The party seeking the writ of
mandamus has the burden of showing that the trial court abused its discretion
and that appeal is an inadequate remedy.  In re E. Tex. Med. Ctr. Athens,
154 S.W.3d 933, 935 (Tex. App.–Tyler 2005, orig. proceeding).

 

Intervention

            Any
party may intervene by filing a pleading, subject to being stricken out by the
court for sufficient cause on the motion of any party.  Tex. R. Civ. P. 60.  When an intervention is challenged by a
party’s motion to strike, the intervenor bears the burden to demonstrate a
“justiciable interest” in the pending suit.  In re Union Carbide Corp.,
273 S.W.3d 152, 155 (Tex. 2008) (orig. proceeding).  To constitute a
justiciable interest, the intervenor’s interest must be such that if the
original action had never been commenced, and he had first brought it as the
sole plaintiff, he would have been entitled to recover in his own name to the
extent of at least a part of the relief sought in the original suit.  Id. 
An intervenor must show some present legal or equitable interest in the
subject matter that makes it proper for him to participate in the proceeding.  Jabri
v. Alsayyed, 145 S.W.3d 660, 672 (Tex. App.–Houston [14th
Dist.] 2004, no pet.).

 

Abuse of Discretion 

            An
oil and gas lease creates an interest in real property.  See Amoco Prod. Co.
v. Alexander, 622 S.W.2d 563, 572 (Tex. 1981).  In a
typical oil and gas lease, the lessor is a grantor and grants a fee simple
determinable interest to the lessee, who is actually a grantee.  Natural
Gas Pipeline Co. of Am. v. Pool, 124 S.W.3d 188, 192
(Tex. 2003).  When an oil and gas lease reserves only a royalty interest, the
lessee acquires title to all of the oil and gas in place; the lessor owns only
a possibility of reverter and has a right to receive royalties.  Id.  Under
an oil and gas lease, the lessee is in effect a cotenant of the lessor.  Shell
Oil Co. v. Howth, 138 Tex. 357, 367, 159 S.W.2d 483, 490 (1942). 

            A
party who has an interest in real property that is the subject of the
litigation may intervene in a pending suit.  See American Spiritualist
Ass’n v. City of Dallas, 366 S.W.2d 97, 100 (Tex. Civ.
App.–Dallas 1963, no writ).  When a party owns no interest in the real property
that is the subject of a suit, it has no justiciable interest in the suit.  See
Old Alamo Heights Neighborhood Ass’n v. City of Alamo Heights,
650 S.W.2d 216, 217 (Tex. App.–San Antonio 1983, no writ); see also Wilson
v. County of Calhoun, 489 S.W.2d 393, 396-97 (Tex. Civ.
App.–Corpus Christi 1972, no writ) (party not alleging legal or equitable
interest in land may not intervene in suit involving that land).  

            Here,
the intervenors concede that they do not have an interest in the real property described
in the oil and gas leases between the plaintiffs and Devon.  However, they contend
that because Devon used the same lease form for all of the leases, they should
be allowed to intervene.  But they are not parties to the plaintiffs’ leases
nor are they entitled to any benefits from them.  The fact that the form used
for all the leases is the same does not give the intervenors a justiciable
interest in the plaintiffs’ suit. See Henderson Edwards Wilson,
L.L.P. v. Toledo, 244 S.W.3d 851, 854 (Tex. App.–Dallas 2008, no pet.)
(intervenor had no justiciable interest in suit to rescind contract where
intervenor was not party to contract and could not have sued to enforce it).  The
oil and gas leases in this case are only the vehicles used to create the
interest in land that is the subject matter of the plaintiffs’ suit.  The
intervenors have shown no direct interest in the subject matter of the suit
between the plaintiffs and Devon.  Because there was no showing that the
intervenors had an interest in the subject matter of the suit between the
plaintiffs and Devon, the trial court had no basis upon which to deny Devon’s
motion to strike the petition in intervention.  Therefore, it abused its
discretion when it entered that order.  

 

Adequate Remedy by Appeal

            Having
determined that the denial of Devon’s motion to strike the petition in intervention
was an abuse of discretion, we next consider whether Devon has an adequate
remedy by appeal.  Mandamus is not to be used as a substitute for an ordinary
appeal.  In re Barrett, 149 S.W.3d 275, 280 (Tex.
App.–Tyler 2004, orig. proceeding).  But the word “adequate” has no
comprehensive definition; it is simply a reference to the careful balancing of
jurisprudential considerations that determine when appellate courts will use
original mandamus proceedings to review the actions of lower courts.  In re
Prudential, 148 S.W.3d at 136.  These considerations
implicate both public and private interests.  Id.  An appellate
remedy is “adequate” when any benefits to mandamus review are outweighed by the
detriments.  Id.  Conversely, when the benefits outweigh the
detriments, appellate courts must consider whether the appellate remedy is
adequate.  Id.  Among other factors, we consider the procedural
dynamics of the case in determining whether the appellate remedy is adequate.  Id.

            The
intervenors contend that it would be in the interest of judicial economy for
their cases to be tried with the plaintiffs’ case, thus having one trial
instead of five.  However, it is a fundamental rule of law that only the person
whose primary legal right has been breached may seek redress for that injury.  Nobles
v. Marcus, 533 S.W.2d 923, 927 (Tex. 1976).  For example, a suit to set
aside a deed obtained by fraud can only be maintained by the defrauded party.  Id. 
A party who was not defrauded by the conveyance has not suffered an
invasion of a legal right and therefore does not have standing to bring suit
based on that fraud.  Id.  In this case, the plaintiffs are
seeking rescission of the leases based upon fraudulent representations allegedly
made to them by Devon and its agents.  

            Rescission
is an “undoing” of an instrument, in this case the oil and gas lease between
Devon and the plaintiffs.  See American Apparel Prods. v. Brabs, Inc., 880
S.W.2d 267, 270 (Tex. App.–Houston [14th Dist.] 1994, no writ).  To be entitled
to rescission, a party must show that (1) it and the defrauding party are in
the status quo (i.e. there are no retained benefits received under the
instrument and not restored to the other party) or 2) there are equitable
considerations that obviate the need for the status quo relationship.  Isaacs
v. Bishop, 249 S.W.3d 100, 110 (Tex. App.–Texarkana 2008,
pet. denied).  An inability or unwillingness to return the parties to their
former position should be considered in determining whether rescission would be
equitable.  See id.  In the case before us, the primary relief
sought by the plaintiffs and intervenors is rescission.  The plaintiffs have properly
followed the procedure required to seek rescission, while the intervenors have not. 


            Moreover,
Devon used five different agents in its dealings with the intervenors while
using only two to deal with the plaintiffs.  Each agent’s negotiation on each
tract of land involved different dynamics and therefore almost certainly
different representations.  Five different sets of facts have been created.  The
evidence of fraud would be unique to each lease.  Further, the plaintiffs may
be entitled to rescission while the intervenors may be entitled only to
monetary damages because of a failure to satisfy a prerequisite to rescission. 
And finally, in an appeal of an adverse judgment, it would be difficult, if not
impossible, for Devon to untangle how confusion over these important
differences contaminated the jury’s deliberations.  See In re Hochheim
Prairie Farm Mut. Ins. Ass’n, 296 S.W.3d 907, 911 (Tex.
App.–Corpus Christi 2009, orig. proceeding).  

            While
we are not unmindful of the importance of judicial economy, it is more important
that each party have its interest in each lease of real property decided
specifically upon the evidence unique to that tract, separate from
consideration of evidence applicable only to an adjoining lease.  Under the
facts of this case, we conclude that the benefits of mandamus outweigh the
detriments.   Accordingly, we hold that Devon does not have an adequate remedy by
appeal.

 

Disposition 

            Having
concluded that the trial court abused its discretion by denying Devon’s motion
to strike the petition in intervention and that it does not have an adequate
remedy at law, we conditionally grant mandamus relief.  We trust that the trial
court will promptly vacate its order of March 5, 2010 denying defendant Devon
Energy Production Company, L.P.’s motion to strike the petition in intervention
and enter an order granting the motion.  The writ will issue only if the trial
court fails to comply with this court’s opinion and order within ten days after
the date of the opinion and order.  The trial court shall furnish this court,
within the time for compliance with this court’s opinion and order, a certified
copy of its order evidencing such compliance.  All pending motions are
overruled as moot.

 

 

                                                                                                 JAMES
T. WORTHEN    

                                                                                                   
     Chief Justice

 

 

Opinion delivered August 17, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

(PUBLISH)









                [1] The respondent is the Honorable
Charles R. Mitchell, Judge of the 273rd Judicial District Court, Shelby County,
Texas.  The real parties in interest are W. Brady Clark, A. Blain Clark, Angela
McCaa, Nathan Wade Jones, Tenison Deloyd Livingston, Charles P. Windham, Janice
W. Windham, Paul M. Ross, and Bobbie L. Ross.