**TIDELANDS LIFE INSURANCE COMPANY, Appellant,**

v.

**Linda FRANCO, Appellee.**

**No. 13–85–446–CV.**

Court of Appeals of Texas, Corpus Christi.

May 22, 1986.

Rehearing Denied June 12, 1986.

Anthony Icenogle, DeLeon, Boggins & Cain, Austin, for appellant.

Abel Cavada, Cavada & Santiago, Victoria, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an action under the Deceptive Trade Practices-Consumer Protection Act.[1] Appellee Linda Franco sued appellant Tide-

---

1. TEX.BUS. & COM.CODE ANN. §§ 17.41 et seq. (Vernon Supp.1986) ("DTPA").

lands Life Insurance Company (United International Life Insurance Company, by the time of trial), claiming damages for Tidelands' failure to pay her expenses for gall bladder surgery. After a non-jury trial, the trial court rendered judgment in favor of appellee.

Appellant raises "no evidence" points of error regarding the actual, apparent, and implied authority of the agent who sold the policy to appellee. It also raises "insufficient evidence" points regarding false statements by the agent and the producing cause of these statements. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

Only two witnesses testified at trial: Linda Franco (the appellee) and an executive of appellant insurance company. Ms. Franco testified that she was at her place of business when one Alvin Choate approached her and introduced himself as an agent of appellant company. She was interested in the terms of the policy he offered, but told him she was already covered by a health policy. Furthermore, she told him, she had been diagnosed as having a gall bladder problem. Mr. Choate nevertheless assured her she would be covered under the insurance policy he proposed to sell her. He filled out an application for her, adding a note that she had a pre-existing gall bladder problem but was 100% recovered. He then had her sign the application. The application contained at least three references to Choate as agent. Over a year later, appellee was required to have gall bladder surgery, and appellant refused coverage.

■ The insurance company contends that Choate had no authority to bind the insurance company as a matter of law because he was a "soliciting agent" as opposed to a "local recording agent." *See Royal Globe Insurance Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 692 (Tex. 1979). We rejected the same argument by the same appellant in *Tidelands Life Insurance Co. v. Harris*, 675 S.W.2d 224, 227 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). As in that case, Choate orally held himself out as a Tidelands agent, and the insurance application form referred to him as their agent. The finding of the trial court that Choate acted with actual, apparent, and implied authority has ample support in the record.

Appellant next contends that insufficient evidence exists to find that Choate's actions were the producing cause of appellee's damages. The DTPA, § 17.46(b)(12), expressly prohibits "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve...." Appellee's testimony in this DTPA action was that agent Choate told her that her present coverage under another health policy and her pre-existing gall bladder condition would be "no problem," that she would be covered anyway. The testimony was not controverted.

Appellant also contends that insufficient evidence exists to support the trial court's finding that any false statements on the insurance application were made by Choate. The basis for this argument is that, although agent Choate filled out the application, she signed it at the bottom, thereby adopting his answers as her own.

■ The trial court entered findings of fact and conclusions of law. We will uphold a trial court's findings unless they are manifestly erroneous and without any evidence to support them or are so against the great weight and preponderance of the evidence as to be manifestly wrong. *Trevino v. Castellow Chevrolet-Oldsmobile, Inc.*, 680 S.W.2d 71, 75 (Tex.App.—Corpus Christi 1984, no writ); *Hinojosa v. Castellow Chevrolet-Oldsmobile, Inc.*, 678 S.W.2d 707, 713 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). After entering

findings that agent Choate, in order to induce appellee to purchase an insurance policy, had informed appellee that she would have 100% medical coverage and any gall bladder problems would be covered, the trial court found as fact that "any false statements on said application were made by defendant's agent Alvin Choate." This finding has ample support in the uncontroverted testimony of appellee. We will not disturb it.

Appellee testified that she was interested in the policy, but thought she could not be covered. Choate, acting as appellant's agent, assured her that the policy would cover her, and filled out the application himself. He put in the statement that she was fully recovered from her gall bladder condition specifically to assure her that she would be covered. A fair inference from this testimony is that appellant's agent, Choate, misrepresented the coverage of the policy and then answered questions on the application himself, in such a way that the application would be accepted. The falsity of some of the answers was admittedly known by the appellee. This false statement is immaterial to the outcome of this case. The suit was brought under the DTPA, and judgment was rendered on the theory that appellant insurance company, through its agent, Choate, misrepresented the coverage of the policy which appellee bought, thereby causing the insurance company to refuse to pay her medical expenses.

Appellant next contends that the damages awarded appellee should have been three times the actual damages of $4,060.55, not the amount of actual damages *plus* triple that amount. To this we agree. In *Jim Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239 (Tex.1985), the Supreme Court cleared up an apparent ambiguity in the maximum award that a successful plaintiff could receive under the DTPA.

Consistent with the legislative purpose, we hold that under section 17.50(b)(1), the maximum amount of damages recoverable in a suit in which actual damages

resulting from a knowing violation of the DTPA exceed $1000 is three times the first $1000 of actual damages plus three times the actual damages in excess of $1000. That amount is equal to a trebling of actual damages.

*Id.* at 241.

The judgment of the trial court contains no concluding paragraph which summarizes the court's holding. It appears to separately award actual damages of $4,060.55 and treble damages of $12,181.55. However, in its findings of fact and conclusions of law, the court found actual damages totalling $4,060.55, and concluded that appellant is entitled to three times that amount. The recitation in the judgment that awards appellant "treble damages in the amount of $12,181.55" is obviously a mathematical error.

Accordingly, we modify the judgment to award appellee Linda Franco treble damages of $12,181.65. As modified, the judgment of the trial court is affirmed.